JOSEPH HALL, Appellant,

*vs.*

SAMUEL WILSON, Administrator of the estate of
JAMES EVANS, dec., Appellee.

#### APPEAL IN EQUITY FROM THE GRANT CIRCUIT COURT.

The county court has jurisdiction of a petition for the allowance of a claim against
an estate, which could not be proved before, or allowed by, the commissioners by
reason of its being contingent.

Where a party voluntarily allows his adversary a credit upon his claim against
him, which the latter refuses to accept, the party allowing the credit is not
bound thereby.

A special proceeding under the statute, might, previous to the code, be brought up
and reviewed in this court, under a special rule thereof, although no formal bill of
exceptions had been taken to the ruling of the court below according to the prac-
tice in cases at common law.

A sale of the personal property of an intestate, by his widow, before administration
granted, confers no title.

The appellant made claim against the estate of James Evans,
before the commissioners, for twenty ounces of gold dust, val-
ued at $340 ; which claim was disallowed by the commission-
ers, but on appeal from their decision, the circuit court allowed
the claim, and being about to enter judgment therefor, the
appellant's attorney proposed to allow a credit upon the
amount, of $275, for the price of a span of horses, wagon, and
harness, appellant had purchased of the widow of the intestate
before administration granted ; and did allow said credit, and
then and there took judgment only for the balance of the claim
after deducting said credit, to wit, sixty-five dollars.

But the administrator refused to ratify the sale of the horses,
wagon, and harness, so made by the widow, and the allowance
of said credit of $275 for the same, and brought an action of

trover against appellant for said property in which he recovered judgment against him for the sum of $460.

Thereupon the appellant filed a petition before the county court for said Grant county, setting forth the facts, and praying the allowance of the amount credited by him on his debt against the estate, as above mentioned, as a contingent claim against the estate ; and at the June term of said county court, 1855, on hearing the proofs, the county court made an order allowing him the sum of $287.83, the amount of said credit and interest, to be paid by said administrator out of the assets of the estate.

From this order of the county court the administrator appealed to the circuit court ; and at the October term, 1855, he filed his motion to dismiss the petition for the following reasons :

1. The probate court of Grant county had no jurisdiction of the subject matter of said claim, the same having been adjudicated by the circuit court of Grant county at a previous term.

2. The said claim is not such a contingent claim as the statute provides shall be acted on and allowed by the said judge of probate.  This motion to dismiss was sustained by the circuit court,—the judgment or decree of the probate court was reversed, and judgment for costs given against the appellant ; from which judgment of the circuit court the appellant brings this appeal.

*J. Mills* for appellant, cited 17 Mass., 237 ; 8 Cow., 195 ; 5 Ohio. 536.

*C. Dunn* for respondent.

*By the Court*, SMITH, J.   This was an appeal, taken under the code, from an order or judgment of the circuit court of Grant county, rendered on an appeal thereto, from an order of the county court of said county, allowing the claim of the petitioner against the estate of the intestate.

Hall vs. Wilson.

It is necessary, in order to understand the law of this case, to give its history somewhat at length. The petitioner, Hall, filed his petition in the county court in December, 1854, to procure the allowance of a claim against the estate of the intestate, Evans, for twenty ounces of gold dust, worth $340. The petitioner alleged that the claim had been assigned to him by one Lewis; had been presented to, and acted upon, by the commissioners appointed to settle and adjust the claims against said estate, early in the year 1853. That upon the said claim the petitioner had admitted a credit in favor of the estate, of $275; the price of a span of horses, double wagon and harness, which the petitioner had, subsequent to the death of the intestate, purchased of the widow. That the commissioners disallowed the claim, and from which decision the petitioner appealed to the circuit court, or, as is probable, gave the requisite notice, and prosecuted his claim at the common law. Upon the trial in the circuit court, the claim of the petitioner was adjudged to be good and valid against the estate for the amount of the gold dust, of the value of $340; and as said court was about to render judgment thereon, the attorney for the petitioner proposed to allow and deduct, and did, then and there, allow and deduct the price and value of the said span of horses, wagon and harness, to wit: the sum of $275, and judgment was rendered only for the balance.

Afterward the administrator of said estate commenced an action of trover against the said appellant, Hall, and recovered a judgment against him for the sum of $460, the value of the identical span of horses, wagon and harness, so purchased by him as aforesaid of the widow of the said intestate.

A motion was made in the county court to dismiss the petition, which was overruled, and the court allowed the petioner the sum of $287,83. From the order allowing this amount, the administrator appealed to the circuit court, and at the October term, 1855, the counsel for the administrator filed a motion to dismiss the petition for the reasons:

1st. That the county court had no jurisdiction of the sub-

ject matter of said claim, the same having been adjudicated by the circuit court of Grant county at a previous term.

2d. The said claim is not such a contingent claim as the statute provides, shall be acted on and allowed by the judge of probate.

At the April term, 1856, this motion was sustained, the order of the court of probate reversed, and judgment rendered against the petitioner, for costs; to reverse which judgment this appeal is taken.

We think the circuit court erred in dismissing the petition of the appellant. Unless the county court or court of probate had power to entertain the petition he was without remedy. It seems that the petitioner purchased the horses, wagon and harness of the widow of the deceased, for $275, before administration on the estate was applied for and ordered. This, probably, he had not a strictly legal right to do, as the title to the property was not in the widow, and she had not the legal right to convey it. But the appellant had a valid claim against the estate of 340 dollars, he gave the estate credit thereon for 275 dollars, the agreed value of the property. Afterwards the administrator, who had been appointed, sued the appellant in trover for the value of the property, and recovered the sum of 460 dollars. The administrator having refused to ratify the sale by the widow, and of course the credit allowed by the appellant, the estate was justly indebted to Hall for the amount so deducted from his claim adjudged to be good and valid. Nor could Hall have offset this claim in the trover suit. It was not between the same parties; nor could it be pleaded in accord or satisfaction of the tort complained of.

The case differs in no essential respect from the ordinary one of a party allowing a credit to his adversary which the latter refuses to accept in that form. In such case, the party allowing the credit is not bound thereby. We have no law in this state, (unless the code of procedure may contain such a provision) requiring a party sued to bring in his matters of set off or counter claim on the trial, or be barred of his judgment thereon; and hence he is not bound by any allowance

for such claim which his adversary may make. We are unable to perceive, therefore, admitting the facts set forth in the petition to be true, (which must be done for the purposes of this appeal) why the court of probate had not jurisdiction of the subject matter of the claim, provided it was not barred by lapse of time.

There is nothing in the record that occurs to us, precluding the judge of probate from acting on the claim at the time he did, even if it were of the character of ordinary claims. But be this as it may, the case is fully provided for by sections 45, 46 and 47 of chapter 70, Revised Statutes, section 45, is as follows: "If any person shall be liable as security for the "deceased, or have any other contingent claim against his "estate which cannot be proved as a debt before the commis- "sioners, or allowed by them, the same may be presented, "with the proper proof, to the probate court, or to the com- "missioners, who shall state the same in their report, if such "claim was presented to them." Section 46 provides that the court of probate may hear and determine such claim without reference to the commissioners.

We think the claim presented by the petition of the appellant falls within the provision of this statute. Had the administrator chosen to ratify the sale of the horses and wagon, and the application of the credit of $275, by the appellant, the latter would have been bound thereby, and could have had no further claim upon the estate. It depended upon that contingency. But the administrator could not play fast and loose with the claim of the appellant. He could not hold on to the price of the property and the property likewise. When he repudiated the credit which the appellant had allowed, it became a claim against the estate; and, as we think, came within the provisions of the statute concerning "contingent claims."

Of course we have taken the matters set forth in the petition to be true for the purpose of the present inquiry, and if true, we are unable to perceive any legal impediment to the prosecution of his claim. His original claim was 340 dollars, as adjudged to him by a competent tribunal. He voluntarily

gave an allowance of 275 dollars for the property which he supposed he had purchased, and took judgment for the balance only. It would be exceedingly unjust to allow the administrator to retain the money paid for the property, and to reclaim the property or its full value besides.

An objection is taken that there is no bill of exceptions by which the ruling of the court below on the motion to dismiss could be made a part of the record, and reviewable in this court. This would be true in a case at common law. But it must be recollected that this is a special proceeding, and does not come within the ordinary rules applicable to suits in error at common law. Previous to the code, proceedings of this kind were brought to this court by writ of *certiorari* under a rule of court adopted to meet the exigencies of cases of this kind, by which all the proceedings were brought up.

Again, it is objected that this appeal is out of time. This objection is also obviated by the code of procedure.

The judgment of the circuit court must be reversed and the cause remanded for further proceedings.