JOSIAH A. NOONAN et al., Appellants,

*vs.*

JOHN J. ORTON, Appellee.

APPEAL IN EQUITY FROM MILWAUKEE CIRCUIT COURT.

The cause being at issue, the court made the usual order to take testimony before
the court commissioner, upon notice by either party, within three months. From
this order the complainant appealed. *Held*, that the appeal was premature.

Either party to a suit in equity may require his witnesses to be examined in open
court at the hearing, in the same manner as in cases at law.

THE appeal in this case was from the following order:

"It appearing to the court that the above entitled cause is at
issue by replication filed, it is therefore, on motion of J. Downer,
complainant's solicitor, ordered by the court, that either party
may take testimony before the court commissioner of Milwaukee
county, or in any other way provided by law, on due notice to
the other party, at any time within three months from this date,
and that at the expiration of that time the proofs be closed.

"Dated this 20th day of May, 1856.

"By the court."

*J. Downer*, for the appellant.

*E. Mariner*, for the appllee.

*By the court*, SMITH, J. We are unable to perceive any suffi-
cient ground for appeal in this case. It is certainly premature.
The appeal seems to have been founded upon what is appre-
hended and claimed to be the constitutional right of the party
to have the testimony in the cause taken at the hearing, in the
same manner as in cases at law.

It may become important hereafter to consider the practical
application of this constitutional provision. But upon the
meager case furnished upon this appeal, being nothing more nor

less than a copy of the order to take testimony, without argument or brief, it can hardly be expected that the court will enter into a very serious discussion of the practical application and extent of this provision of the constitution. Questions of this magnitude and importance cannot be thus lightly disposed of. All we have before us is a copy of the order; we are not favored with any brief or argument, and without such aid it is not apparent in what manner the rights of the appellant have as yet been affected by this order.

We have no doubt that each party to a suit in chancery is, under our constitution, entitled to have his witnesses examined in open court, subject, of course, to the occasional exceptions provided for in cases at law. He may, perhaps, be entitled (if he demands it) to have the witnesses of the adverse party so examined, subject to the like occasional exceptions. Of this, however, we give no opinion. But in this case there has been no offer of witnesses at the hearing, no refusal to hear such witnesses, no demand or request to have the adverse witnesses examined in open court, and no refusal by the court thus to examine them. The mode of taking testimony contemplated by the order appealed from, is convenient in equity cases, and can work no injury until the constitutional privilege has been claimed and denied. This mode is also provided for by rule of court, and it would be unjust to the court as well as to the parties to sustain appeals like this, where nothing appears upon the record to indicate that any claim was interposed under the alleged constitutional right, and denied by the court below.

We are all of the opinion that this appeal is quite premature; that no rights of the appellant have as yet been lost or denied, and we can see no reason for interfering with the order made, at this time. If it be unconstitutional, it is null, and the parties may disregard it. If valid, being in conformity with the rules, it ought to be enforced.

It is apparent that a state of case may occur which will require a modification or construction of the rule referred to, but such is not this case.

Order affirmed, with costs.