## CISCEL VS. WHEATLEY.

1. REFERENCE—ACCOUNTS: *Referee's power under an order directing him to determine the state of accounts between parties.*
2. REVERSAL: *Error in judgment, when not a ground for reversal.*

1. Where an order of reference to determine the state of accounts between the parties, who were co-partners, directed proofs to be taken of all matters of book account and transactions arising between them as co-partners and otherwise, prior to a certain date, and it appeared that the partnership in question succeeded another, of which both these parties had been members, and that defendant's capital and profits in the old firm were carried forward and invested in the business of the new one—it was proper to examine and report the state of defendant's accounts with the old firm, so far as was necessary in order to determine the amount which he had put into the new.
2. Where a judgment stated the several items of damages and costs in favor of the prevailing party, but, by an error of computation, or a clerical mistake, the aggregate of those sums was incorrectly stated, this is no ground for reversing the judgment, as the court below would order a correction as of course, and in any case only the true aggregate could be collected on execution.

APPEAL from the Circuit Court for *Milwaukee* County.

On the 12th of July, 1867, the parties to this action, who had been for some two years co-partners in the business of buying and selling neat cattle, etc., submitted "all matters in controversy and accounts between them as co-partners, and otherwise," to the decision of an arbitrator. This action was afterwards brought to obtain relief from the award of such arbitrator, on the ground of error and fraud. The award was vacated, and the accounts between the parties referred to a referee appointed by the court The plaintiff excepted to the referee's report on the grounds, among others, that it undertook to determine the accounts of other partnerships than that of the plaintiff and defendant, which alone had been referred; that sundry items of credit had been improperly allowed the defendant; and that the execution of said report "had not been proved by affidavit, or otherwise,

as required by statute and the practice of the court in like cases." A further explanation of these exceptions will be found in the opinion. The report was confirmed, and judgment rendered thereon in favor of the defendant for $1,841.13 damages, and $139.53 costs; in the aggregate (as computed in the judgment), $2.080.66.

The plaintiff appealed from the judgment.

*E. Fox Cook*, for appellant, cited *Ætna Life Ins. Co. v. McCormick*, 20 Wis. 268; 2 Edw. Ch. 13; 12 Wend. 413; 11 N. Y. 172; 12 Pet. 330; 45 Barb. 490; 10 Bosw. 447; 30 N. Y. 497.

*Smith & Stark*, for respondent.

COLE, J. The plaintiff was dissatisfied with the award of the arbitrator, and brought this suit for the purpose of correcting certain mistakes made by him. The circuit court vacated the award, and referred the cause to a referee to examine the accounts between the parties, and to take proofs in respect to "all matters of book accounts and transactions existing between them, as co-partners and otherwise, prior to the date of said submission." And now the main objection to the report of the referee is, that it embraces matters and accounts not fairly coming within the order of reference. It seems to us that this objection is untenable.

It is very obvious that, in order to ascertain and determine the true state of the partnership accounts under the co-partnership formed in May, 1865, it was necessary to inquire what amount of capital the defendant contributed to and put into the partnership business at that time. The testimony showed that this firm succeeded another, of which both these parties were members, and that the defendant's capital and profits in the old firm were carried forward and invested in the business of the new one. What, then, was the amount of this capital and of these profits which the books showed the defendant should be credited with,

was a most pertinent subject of inquiry    The referee finds that the amount charged to defendant, when the firm of Ciscel, Howard & Co. dissolved, was $2,006.52; and the defendant's share in the profits of the business of that firm was $3,333.33, which, with the original capital invested by him that was carried forward into the capital of this firm, entitled him to a credit on the books of account, when the firm of Ciscel & Wheatley was formed in May, 1865, of $4,426.81.

It is impossible for us to say that this finding of the referee was unsupported by the evidence.    The books and accounts are not before us, upon which this finding was principally made.    And we do not well see how the referee could have ascertained how the accounts between the parties stood without determining the amount of capital each had invested in the business when the last co-partnership was organized.    And this is precisely what the referee did do, and what we think he was fully warranted in doing by the order of reference.

It would serve no useful purpose to examine in detail the testimony bearing upon the various exceptions taken to the report of the referee, and we do not propose doing so.    It is insisted that the amount allowed the defendant for the use of the yard was not proper.    But the testimony shows that the defendant furnished the firm the use of a cattle yard, which he had fitted up for that purpose, and that its use was reasonably worth what the referee allowed therefor. The plaintiff himself testified that the firm used this yard for keeping cattle over night, and no reason occurs to us why the firm should not pay what this use was reasonably worth.    The defendant built a fence to divide this yard from the adjoining premises, put in a pump, and fitted up mangers, all at his own expense. This was done with the knowledge and consent of the plaintiff; and the referee very properly allowed this item among the credits of the defendant.

We do not understand that it was necessary to prove the execution of the report by affidavit.

There is obviously a clerical mistake in stating the aggregate amount of the recovery. But it is a mere error in footing up the items stated in the judgment. The court would doubtless have corrected this error, had a correction been necessary, upon its attention being called to it. The court rendered judgment in favor of the defendant for the sum of $1,841.13, together with $101.25 costs of this suit, and $38.28 costs of the other suit. These items are stated in the judgment, for which a recovery was had, and the amount of these several items is all that could be collected on an execution. We cannot see that the error of the clerk could have prejudiced the plaintiff.

Upon the whole record we think the judgment of the circuit court is correct, and must be affirmed.

*By the Court.*—Judgment affirmed.