KNIPS vs. STEFAN and another.

*September 24 — October 12, 1880.*

PLEADING: PRACTICE. *(1) Amendment of complaint: when no change of answer required. (2) Reference for trial without consent.*

1. Plaintiff sued for a balance of account, the account stated in the complaint containing a single charge for merchandise sold, and a single credit. The answer, in general terms, alleged full payment. The complaint was then amended so as to state an account containing on the debit side, besides the charge for merchandise previously stated, three others, of earlier dates, amounting to $150; while on the credit side, besides the single item previously stated, there were two credits of earlier dates amounting to $150, the balance remaining unchanged. Defendant did not amend his answer. *Held,* that it was a sufficient answer of payment to the amended complaint.
2. Defendant not having disputed any debit in plaintiff's account, and the court having no knowledge of the character of his evidence of payment, or that it involved a long account on his part, but acting upon the pleadings alone, it was error to order a reference for trial without consent. *Carpenter v. Shepardson,* 43 Wis., 406, distinguished.

APPEAL from the Circuit Court for *Ashland* County.

The case is thus stated by Mr. Justice TAYLOR:

" This action was commenced in a justice's court. Plaintiff claimed in his complaint for a balance due him of $50 on an account for beer sold to the defendants. The account was for thirty kegs of beer sold to the defendants September 20, 1873, $75. Credit by cash, July 13, 1874, $25. Balance due, $50. Interest at 7 per cent., $8.75. The defendants answered that they had paid the amount due. Judgment was rendered in favor of the defendants in the justice's court, and plaintiff appealed to the circuit court. The return was made to the circuit court, April 24, 1877. The case was twice tried by a jury in 1878, and both juries disagreed. Plaintiff, after that, was allowed to amend his complaint, and it was amended by alleging a sale of:

Knips vs. Stefan and another.

| | | | | | |
|---|---|---|---|---|---|
| 20 kegs of beer, May   5, 1873, | - | - | - | $50 | 00 |
| 20 kegs of beer, July   7, 1873, | - | - | - | 50 | 00 |
| 20 kegs of beer, Sept. 2, 1873, | - | - | - | 50 | 00 |
| 30 kegs of beer, Sept. 20, 1873, | - | - | - | 75 | 00 |

$225 00

And it gave credit for, Aug. 11, 1873, - $100 00
Feb. 10, 1874, -   50 00
July 13, 1874, -   25 00
175 00

And claimed balance due,     -     -     -     -     $50 00
The same as in the first complaint.

"The defendant elected not to amend his answer, and the cause was referred to take the evidence in the case and report. On the coming in of the report, the court refused to enter any judgment thereon; and in the January term, 1879, the plaintiff made an oral motion to refer the cause for trial. This motion was opposed by the defendant's counsel, but the court granted the motion, and made the following order (omitting formal parts, etc.): 'The above entitled action having been brought on for trial, and it appearing that said action required the examination of a long account, and on motion of Knight & Tomkins, attorneys for said plaintiff, and J. J. Miles appearing in opposition to said motion, Ordered, that said action be referred to George W. Perry, Esq., counsellor at law, and that he report his findings of fact and conclusions of law therein with all convenient speed.' The defendants duly excepted to the making of this order, and did not thereafter appear in the action, except to oppose a motion for confirmation of the report of the referee and for judgment thereon, on the ground, amongst others, that the court had improperly referred the action. The referee proceeded to try the case, and reported; and, on motion of the plaintiff's attorneys, the court rendered judgment in favor of the plaintiff upon the report, for the sum of $50, with interest

from September 20, 1873, and costs of suit.   The defendants appealed.   No bill of exceptions was settled in the case."

The cause was submitted on briefs of *J. J. Miles* for the appellants, and that of *W. M. Tomkins*, with a supplemental brief by *W. M. Tomkins* and *W. H. Knight*, for the respondent.

TAYLOR, J.   The case comes here upon the record in the court below; and the only question presented for the consideration of this court is, whether the court erred in granting the order referring the action for trial against the objection of the defendants.

It is urged by the counsel for the respondent, that the appellants have not been prejudiced by the order, and therefore the judgment should be affirmed, although the action was not referable.   This ground is taken upon the supposition that the defendants have not pleaded to the merits, and have therefore admitted the plaintiff's right to recover.   We think the learned counsel are mistaken.   The defendants pleaded payment to the plaintiff's complaint before its amendment, and although no answer was filed after the plaintiff amended his complaint, still the defendants had the right to permit their first answer to stand as an answer to the amended complaint, and it does stand as an answer to the same, unless it be withdrawn by them or they answer anew to the amended complaint.   *Yates v. French*, 25 Wis., 661.   The case must be treated as though the defendants had answered the amended complaint by an answer of payment.

Does the record show any issue, the trial of which requires the examination of a long account on either side, within the meaning of subdivision 1, sec. 2864, R. S. 1878?   If it does not, then the court had no authority to order a reference for the trial of the case, against the objection of the defendants, and the making of such order, and the trial of the action by

Knips vs. Stefan and another.

the referee, were error, for which the judgment may be reversed upon an appeal from the judgment. *Stone v. Merrill,* 43 Wis., 72; *Messenger v. Broom,* 1 Pin., 630; *Tronson v. Union Lumbering Co.,* 38 Wis., 202; *Armstrong v. Gibson,* 31 Wis., 61; *Gilbank v. Stephenson,* 31 Wis., 592; *Cairns v. O'Bleness,* 40 Wis., 469. An order of reference is clearly an order involving the merits of the action, within the meaning of section 3070, R. S. 1878; for if it be granted in a case in which the court has no authority to grant the same, it deprives the party objecting to such reference of a trial by jury — a right secured to him in all actions at law except such as may properly be referred under the statute.

We think it very clear that the record returned to this court fails to show that there was any issue of fact in the case which would require the examination of a long account on either side. The defendant, by his answer of payment, has admitted the account of the plaintiff for all the purposes of the trial; and, unless payment be proved, plaintiff would be entitled to his judgment for the balance due him on his account. It might be that under a plea of payment an investigation of a long account would become necessary, when, as in the case of *Carpenter v. Shepardson,* 43 Wis., 406, 413, the defendant admitted the items of the plaintiff's demand, but controverted the plaintiff's right to recover the amounts charged for each item. But in this case the defendant not only admits all the items of the plaintiff's account, but also admits that he is entitled to have the amount charged in his account for each item. He admits the whole claim, and alleges that he has paid the whole. Unless, therefore, it would become necessary for the defendant to prove a long account in order to prove payment, the examination of such an account was not involved in the trial of the issues. In the absence of any evidence showing that an examination of such an account would be necessary in proving payment by the defendant, we cannot presume such necessity.

It is clear that the court did not make the order of reference

upon any such presumption in this case, as the motion for
the order was not founded upon any proofs, but upon the
pleadings in this case.   The court must have proceeded
upon the theory that the complaint of the plaintiff was not
admitted by the answer, and that it contained a long ac-
count within the meaning of the statute, an examination of
which would be necessary on the trial.   In this, as we have
said, he was mistaken; consequently there remains no founda-
tion for the order.   A plea of payment may be proved, and
ordinarily would be proved, without the investigation of a long
account.   It could be proved by a receipt in full for the account,
by the payment of a single sum of money at one time, and in
various other ways, without the examination of an account;
and it might be proved by showing that the defendant had de-
livered to the plaintiff personal property at different times and
in different amounts, which the plaintiff had accepted in pay-
ment of his claim, or that he had made a large number of
small payments at different times, which in all amounted to
the plaintiff's claim.   If a payment were sought to be proved
in either of the two last-mentioned ways, it might be that a
court would have the right in its discretion to refer the case
under the statute, on the ground that it involved the exami-
nation of a long account on the part of the defendant.   To jus-
tify an order of reference for such reason, when the answer did
not disclose the facts, they should be made to appear by affida-
vit or other proofs upon which the motion should be founded.

It is not a matter of right that the plaintiff may have an
order of reference to try the case in any action at law.   The
general rule is that in all such actions the issues of fact shall
be tried by a jury.   The right to have the issues determined
by a referee and the court, against the consent of either party,
is the exception; and the party who claims the right to have
such issues so tried must bring his case within the exceptions
pointed out in section 2864, R. S. 1878.   He must show affirm-
atively that the case comes within the provisions of that sec-

tion, either from the record and pleadings in the case, or by proofs *aliunde*. In this case there are no such proofs, and the pleadings and records do not bring the action within the provisions of the section above referred to. The court had no authority to make the order, and the defendants, having objected to the order, and not having appeared and tried the case before the referee, are clearly in a position to take advantage of the error in this court. It is said the order of reference is made in the discretion of the court, and that this court will not reverse such order unless there is a gross abuse of such discretion. This is not the rule. In most cases there is no discretion to order a reference. It is only in cases which under the statute may be referred, that the discretion of the court is to be exercised. The rule is stated in *Welsh v. Darrah*, 52 N. Y., 592, as follows: " The court will not review the finding of the court below that the action involves the examination of a long account, if the facts will warrant such finding. If the facts show that the examination of a long account may be necessary, and the court below has decided to refer the action, this court will not interfere." Similar remarks were made by the chief justice of this court in *Carpenter v. Shepardson*, 43 Wis., 413. In the absence of any proof, either by the pleadings or otherwise, that an examination of a long account will become necessary on the trial of the issues, there is nothing upon which the discretion of the court can be founded.

The case having been referred and tried by a referee without the consent of the defendants, and without any evidence, either in the record or otherwise, showing that it was a case proper to be referred under the statute, the judgment rendered upon the report of the referee must be reversed.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.