DRUSE vs. HORTER.   KNOELK vs. HORTER.

*April 11 — May 31, 1883.*

REFERENCE: *(1) In actions to enforce liens. (2) "Account" defined.*

1. If either party to an action to foreclose a mechanic's lien demand that the issues of fact be tried by a jury, unper sec. 3323, R. S., the court has no power to direct a reference under sec. 2864, R. S.

2. "Account," as used in sec. 2864, R. S., providing for a peremptory reference in all cases where the trial of an issue of fact shall require the examination of a long account, means an account in fact kept by one party or the other; and a "long account" is a series of charges made at various times as the transactions occurred.

APPEALS from the Circuit Court for *Milwaukee* County. Actions to foreclose mechanics' liens. The facts sufficiently appear from the opinion. The defendant appealed

from orders of reference made by the court on its own motion.

The causes were submitted for the appellant on the briefs of *Peter Rupp*, and for the respondents on the briefs of *D. G. Rogers* and *E. P. Smith*.

ORTON, J.   These cases are so nearly alike, and the question involved being substantially the same, one opinion only is necessary.

In the first case, the contract was to build and complete and furnish the materials of two cottage houses, for the contract price of $1,450.   The plaintiff did extra work in and about the premises of only two items, of the value of $21.80. There had been paid on the contract $696.30, leaving a balance thereon of $753.70, and the bill for extra work unpaid.   This was substantially the complaint.   The answer was: *First*, that such contract price was only $1,412.50; *second*, that the contract was not completed, and that the materials and work were insufficient; *third*, that plaintiff was not employed to do any extra work, and, if done, the work was within the contract; *fourth*, that plaintiff had been paid $775, and the balance not due because the contract was uncompleted; *fifth*, damages of $115 for poor work and materials, and non-completion of the contract.

In the second case, the contract was to build and complete and furnish materials for two cottage houses, for the contract price of $1,425; extra work worth $39.20, consisting of three items; paid on the contract, $750; balance due thereon, $675; and for the extra work unpaid.   The answer was: Contract price only $1,412.50; no extra work; and work and material insufficient under the contract; paid on contract, $750; damages, $125 for poor work and materials, and non-completion of contract.

Both of these actions are for mechanic's lien.   The defendant in each demanded that the issues of fact be tried by a

jury under and by virtue of sec. 3323, R. S., which provides that "any issue of fact in such action shall, on demand of either party, be tried by a jury, whose verdict thereon shall be conclusive, as in other cases." The court thereupon, on its own motion, directed a reference of both cases to a referee, "to hear and decide the whole issue therein," etc., on the ground "that the issue of fact [would] require the examination of a long account on the part of both parties." These actions were neither of them subject to *peremptory* reference under the first subdivision of sec. 2864, R. S., for three reasons:

*First,* they are cases in equity — *Willer v. Bergenthal,* 50 Wis., 474,— and such a reference is confined to actions at law. *Mead v. Walker,* 17 Wis., 189; *Supervisors v. Dunning,* 20 Wis., 210. Such a referee cannot adjust equities. 3 Wait's Pr., 249. Where there are other important issues requiring the discretion, experience, and judgment of the court, it should only be referred "to take an account for the information of the court." · Ibid.; *Wheeler v. Falconer,* 7 Rob., 45; *Ives v. Vandewater,* 1 How. Pr., 168; *Adams v. Bayles,* 2 Johns., 374; *Shaw v. Ayrs,* 4 Cow., 52. In equity cases a reference "to take an account" under the second subdivision of said section is a substitute for a reference under the old practice to a master. *Palmer v. Palmer,* 13 How. Pr., 363; *Ciscel v. Wheatley,* 27 Wis., 618.

*Second,* this is a special proceeding, and so denominated in the statute, and must be conducted strictly according to the statute, which, if in conflict with or repugnant to the general statutes in ordinary proceedings, must prevail. This is according to the statutory rule of construction. R. S., sec. 4972, subd. 14; *Mead v. Bagnall,* 15 Wis., 156; *Western Bank v. Tallman,* 17 Wis., 530; *Hall v. Wilson,* 6 Wis., 433. By this rule sec. 3323, which confers upon either party the right to a trial of the issue of fact in such a case by a jury, on demanding it, should prevail, as against sec. 2864, provid-

ing for a peremptory reference in all cases where the trial of an issue of fact shall require the examination of a long account. Another rule of construction is equally well established, and that is, that a statute shall be so construed, if possible, as to give it effect and validity, and not make it a nullity, as well as to carry out the intent and effectuate the object and purpose of its enactment. The general law, if enforced in this case, as to a peremptory reference, would abrogate and nullify this special provision utterly, and take away the right of a trial by jury conferred by it. The court, by the general law and established practice, has a right to try this case, it being one in equity, without a jury. The court, therefore, might as well insist upon this right, and when a jury is demanded, under this special provision, refuse to comply with the demand and try the case. The right conferred by this section would be no more effectually taken away by such a proceeding than by insisting upon the right of the court to make a peremptory reference under the general law. See *Adler v. Milwaukee P. B. Manuf'g Co.,* 13 Wis., 57, for the above rule of construction.

*Third,* there is not only no *long* account to be examined in this case, but no account at all in the common or legal signification of the term. One part of the case involves the inquiry, What was the real contract, and was it completed according to its terms? As to the extra work of two items in one case and three in the other, there is no dispute as to the value of it, nor as to whether it was done. It is only denied that it was specially requested, and it is alleged that it was included in the contract. The only other two questions are, how much has been paid on the contract, and that only in one case, and the difference is only $100; and the defendant's damages for the non-performance of the contract according to its terms. There is nothing appearing in the case but that the payment was in gross and cash, and it does not

appear that any account had been kept or memorandum even made of any items of work, materials, or payments by either party. If this case can be referred by the court, upon its own motion, as requiring the examination of a long account, almost any action on contract may be so referred. This statute has a meaning, and "account" means an *account* in fact, kept by one party or the other; and a long account is an account of at least some length. The examination of such an account must be directly involved, and be a *bona fide* account (*Cameron v. Freeman*, 18 How. Pr., 310; *McCullough v. Brodie*, 13 How. Pr., 346); and a *long* account is a series of charges made at various times as the transactions occurred. *Freeman v. Atlantic M. Ins. Co.*, 13 Abb. Pr., 124. One bill of goods which were delivered at one time is not such an account. *Swift v. Wells*, 2 How. Pr., 79.

That the issues in these cases do not require the examination of a long account is too obvious to require further argument or the collation of further authorities, so far as the reference was the same in both. It seems, however, that in the first case the order of reference was afterwards modified requiring the referee " to state the account between the parties as set forth in their respective pleadings; to state fully the amount, if any, due the plaintiff upon the contract set forth in the pleadings, and the amount, if any, due for extra work charged therein, and state the amount, if any, due to the defendant under his said pleadings, and the counterclaim set up therein." This reference could only be made, if not under the first subdivision of the section, under the second, which authorizes a peremptory reference "to take an account for the information of the court." But it is a non-compliance with either. It is in substance a reference of the whole case, and all the issues therein, though not in form. But it is equally objectionable if the case is treated as one in equity, and the reference one " to take an account "

only, by abrogating and nullifying the provision for a jury trial, as we have already seen. In any view, the reference was unauthorized in either case.

*By the Court.*— The order in each and both cases is reversed, and the causes are remanded to the circuit court for further proceedings according to law.