HENRIZI, Administrator, Appellant, vs. KEHR, Respondent.

*April 26 — May 15, 1895.*

(1, 2) *Appeal: Exceptions: Filing after time: Presumption: Sufficiency.* (3) *Mental incapacity: Evidence.*

1. Where exceptions which were not filed within the time required by sec. 2870, R. S., are found incorporated in the bill of exceptions without explanation, it will be inferred that leave to file them was given by the court under sec. 2831.

2. A general exception to a finding of fact is sufficiently specific if such finding contains but one proposition to which it could be pertinent.

3. A man seventy-nine years old, infirm in mind and body, nearly blind, and very hard of hearing, who had had a stroke of paralysis and did not recognize even his children until informed who they were, executed to his son, with whom he lived, a satisfaction of a mortgage which was nearly all his property. The son had the satisfaction recorded at once, but said nothing about it to the other children, who were frequently at his house, and they learned of it only after the father's death, eight months later. The notary who took the acknowledgment, and who was the only disinterested person present during the transaction, told the son at the time that he doubted if the father was not too weak in mind for the transaction of such business, and testified at the trial that his opinion still was that the father's mind was "a little short of doing that kind of business." Other witnesses testified to the effect that the father "was not right in his sense any more." On the other hand, witnesses for the son testified that the father's mental condition was very fair, and that in their opinion he could understand common business transactions. *Held*, that the evidence established the incapacity of the father, and that a finding of the trial court that he was mentally competent to transact business was erroneous.

APPEAL from a judgment of the circuit court for Washington county: A. SCOTT SLOAN, Circuit Judge. *Reversed.*

This is an action in equity, brought by the administrator with the will annexed of the estate of George Kehr, deceased, to cancel and set aside the satisfaction of a mortgage. George Kehr, deceased, was the father of the respondent, *Jacob Kehr.* He had other children,—Mrs. William Koch and Mrs. Martin Henrizi. On the 7th day of March, 1887, he had conveyed his farm, worth about $7,000, to his son, *Jacob,* for $5,500. Fifteen hundred dollars was paid at the time of the conveyance, and a mortgage of $4,000 on the farm was given to secure the remaining purchase money. No part of the principal of the mortgage had been paid. On the 23d day of March, 1892, George Kehr executed a satis-

faction of this mortgage, which was at once recorded. It is to set aside this satisfaction that this action is brought.

George Kehr died December 9, 1892. The appellant is the administrator with the will annexed. At the time George Kehr executed this satisfaction of mortgage he was seventy-nine years old. He was infirm, both in body and mind. He had had a stroke of paralysis. He was nearly blind, and very hard of hearing. For six months he had been unable to take his meals with the family, but they had been taken to him in his room. Most of the time he lay upon the bed or lounge, and talked very little. He did not recognize acquaintances, or even his own children, until informed who they were, when he would seem to recall and recognize them. He lived in the same house with his son, *Jacob.* *Jacob's* family furnished his meals, and took care of his room, and gave him whatever care was needful. *Jacob* procured the satisfaction of mortgage to be drawn and a notary to come to the house to take the acknowledgment. The notary was an old acquaintance and friend of thirty or forty years' standing. He doubted the capacity of George Kehr to transact business, and told *Jacob* that it might make him trouble with the heirs. But the satisfaction was executed and sent at once to be recorded. The other children were not informed of the execution of the satisfaction, and did not learn of it until after the father's death, when the estate came to be administered. This $4,000 mortgage constituted nearly the entire estate.

The ground of the action is the want of mental capacity in George Kehr at the time. Many witnesses were examined touching his mental condition, both as to their opinions and the facts on which they were based. The opinions were not harmonious. The court found for the defendant. This appeal is from a judgment on that finding.

A question is raised upon the sufficiency of the exception to the finding. Notice of the entry of judgment was served

upon the appellant's attorneys on September 4, 1894. The exceptions are dated November 26, 1894. There appears no order or consent to their filing at that date. They are included in the bill of exceptions, and are in the following words: "The plaintiff excepts to the finding of fact as stated therein, because the same is contrary to the evidence. And the plaintiff further excepts to the conclusion of law as therein stated, because said conclusion of law is not sustained by the evidence, and the same is contrary to law."

For the appellant there was a brief by *Chafin & Parkinson*, and oral argument by *E. W. Chafin*.

For the respondent there was a brief by *Ryan & Merton*, and oral argument by *E. Merton*.

NEWMAN, J. Exceptions to the findings must be filed before the expiration of ten days after the service of notice of the entry of judgment, or they are too late to be of any effect. R. S. sec. 2870; *Wis. R. Imp. Co. v. Lyons*, 30 Wis. 61. But the court may permit them to be filed afterwards. R. S. sec. 2831; *Ottillie v. Wæchter*, 33 Wis. 252. Such exceptions should be incorporated in the bill of exceptions. *Evenson v. Bates*, 58 Wis. 24. The appellant's exceptions are found incorporated in the bill of exceptions without explanation. It must be inferred that the court gave leave, then, to file them. *Ottillie v. Wæchter, supra.*

The exception is, in form, general. The rule is that where an exception covers several propositions it is a general one and is not available if any one of them is correct. *Estate of Kessler*, 87 Wis. 660. In this case there was but one material controverted question. That was the mental capacity of George Kehr to transact the business of satisfying the mortgage. If he had mental capacity to transact the business, all the other questions are immaterial. It was then competent for him to satisfy the mortgage, either for a consideration or without a consideration; to take a lease, or to

dispense with it altogether.   So there is in the finding only
this one proposition to which the exception could be at all
pertinent.   It is the one proposition which dominates the
whole case.   If the finding is wrong upon that proposition,
it is wrong also upon the other propositions.   So it is held
that the exception is sufficiently specific to enable the court
to review the evidence upon that question.

It seems quite clear to this court that the finding of the
circuit court is against the weight of the evidence; so that
the evidence does not support it.   The evidence, to the
mind of this court, quite clearly establishes the fact that.
George Kehr, by reason of his age and many infirmities,
was so greatly impaired in his mental grasp and vigor as
that he was quite incapable, mentally, of the transaction of
business; so that the transaction involved in this action was
not really his transaction, nor really enacted with his men-
tal assent.   This seems to be quite apparent from the trans-
action itself as narrated by the witness Nehs, who was the
notary who drew the instrument, witnessed it, and took the
acknowledgment, and who was the only disinterested wit-
ness of what transpired.   He was employed by *Jacob* for
this purpose.   He went to *Jacob's* house.   He testifies:
" *Jacob* told me what was to be done.   George Kehr did not
tell me to do anything."   He testifies that he there told
*Jacob* that he doubted if his father was not too weak in mind
for the transaction of such business, and that it might make
him trouble and lawsuits with the other heirs if they were
dissatisfied with it.   But *Jacob* wanted it done, and it was
done.   The satisfaction was made and recorded.   But *Jacob*
did not mention the fact to his sisters, who resided in the
neighborhood and were frequently at his house; and they
had no knowledge of it until after their father's death.
Nehs testifies that his own opinion was at the time of the
transaction, as well as at the time of testifying, that George
Kehr's mind "was a little short of doing that kind of busi-

ness." He seems to be an intelligent and impartial witness. He was present at the transaction itself. His observation of the condition of George Kehr's mind was of the very time of the transaction. This is an important element in estimating the importance of his testimony. And he was the only disinterested witness who was present during the transaction. The witness Fehl, who had known him since they were boys together in the old country, testified "he was not right in his sense any more." To the same effect was the testimony generally of the plaintiff's witnesses. On the other hand, the witnesses for the defendant testified, in effect, that his mental condition was very fair, and in their opinion he could understand common business transactions. There was no evidence of experts to throw light upon his mental condition.

The whole testimony and circumstances surrounding the transaction produce a strong conviction that George Kehr was not, at the time of this transaction, mentally capable of understanding the nature of the act which he was doing, nor to appreciate its consequences. That the defendant was aware of his defect is evident both by the conversation of the witness Nehs and by the surreptitious manner in which the business was done, and the withholding of information of it from his sisters, who were near at hand and frequently at his house. This all goes to show a want of good faith, and has a bearing, indirectly perhaps, upon the question of the condition of the mind of George Kehr.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with directions to enter judgment in accordance with the demand of the complaint.