COMMERCIAL BANK and another, Respondents, vs. McAULIFFE, Assignee, Appellant.

*January 9 — January 28, 1896.*

*Voluntary assignment: Vacating order allowing final account: Reference.*

1. Under sec. 2832, R. S. (providing that the court may, in discretion, relieve a party from a judgment, order, or other proceeding against him, through mistake, inadvertence, surprise, or excusable neglect), the court has power, on motion of a creditor who received no notice and did not know of the final hearing, to vacate an order allowing the final account of an assignee and to permit objections to be filed.

2. Sec. 1701, R. S., providing that such final order shall be "conclusive upon all parties," does not prevent the court from vacating it for good cause shown.

3. Independent of any power conferred by statute, the circuit court, in the exercise of its inherent powers as a court of chancery of general jurisdiction under sec. 8, art. VII, Const., may order a reference of the objections to the final account of an assignee.

APPEAL from an order of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

The appellant is the assignee under a voluntary assignment of one William Bormann, and the respondents, the bank and *J. H. Silkman Lumber Company,* are two creditors of said Bormann who have duly proven their claims. The final account and report of the assignee was allowed February 2, 1895; no objection being made thereto, and an affidavit being filed showing the mailing of notice of the filing of such accounts to all creditors of the assignor. On the 5th day of February, 1895, the respondent bank filed a petition and made a motion for the vacation of the order allowing the final account, to be permitted to file objections to the account, and have a hearing thereon. On the 16th day of February the *J. H. Silkman Lumber Company* made a similar petition and motion, and the two motions were heard together. By the *Silkman* petition it appeared that no notice of the filing of the final account or the application for the assignee's discharge had at any time been received by the company or its officers, and that they did not know of it until after the account had been allowed. By the petition of the bank it appeared that notice of the application for settlement of the account had been received, but that it had been mislaid and overlooked until after the allowance of the account. In both petitions a number of serious objections to a number of items of the account were set forth, which it is unnecessary to notice further than to say that they are, on their face, very proper subjects of investigation.

Both petitions were heard together (no opposing affidavits being filed), and on the 16th day of March, 1895, an order was made vacating the order settling the account of the as-

signee, and allowing the petitioners to file objections to the account, and referring the hearing of such objections to John F. Harper, Esq., to hear, try, and determine the same. From this order the assignee appealed.

For the appellant there were briefs by *Van Valkenburgh & Kershaw*, and oral argument by *T. P. Van Valkenburgh* and *John J. McAuliffe*.

For the respondents the cause was submitted on separate briefs by *Timlin & Glicksman*, attorneys, and *Elliott, Hickox & Groth*, attorneys for *J. H. Silkman Lumber Co.*

WINSLOW, J.   Under sec. 2832, R. S., the court had power, in its discretion, to vacate the final order and allow objections to be filed, if it appeared that the failure to appear on the hearing arose " through mistake, inadvertence, surprise or excusable neglect."   Certainly it is very clear that the failure of the *Silkman Company* to appear arose from the fact that its officers did not receive any notice of the final hearing, and did not know of such hearing.   This clearly justified the court in vacating the order and opening the default.

Nor does the fact that the statute (R. S. sec. 1701) provides that such final order shall be " conclusive upon all parties " prevent the court from vacating it for good cause shown.   The word " conclusive," as here used, means simply that while it stands unreversed it binds all parties to the proceeding, just as a judgment is " conclusive " because it binds all parties to the action.   It has never been supposed that, because a judgment is conclusive upon all parties, it was beyond the power of the court to vacate it upon a proper showing.

Objection is made to that part of the order providing for a reference of the objections to the account, and it is said that the general statute authorizing references (R. S. sec. 2864) only applies to *actions*, whereas this is a special pro-

ceeding. Even if this be so (which we do not decide), the reference is proper. In administering the trusts under a voluntary assignment, the circuit court exercises its inherent powers as a court of chancery of general jurisdiction under the constitution, as well as the powers directly prescribed and defined in the assignment law. Const. art. VII, sec. 8; Revisers' Note to sec. 1693, R. S. The power of a court of chancery to refer issues such as the one before us, when they arise in actions or proceedings, is too ancient and well established to be now questioned.

*By the Court.*— Order affirmed.