## ROOME v. SMITH.

(Supreme Court, Appellate Division, First Department.   January 10, 1908.)

1. REFERENCE—COMPULSORY REFERENCE.

   Under Code Civ. Proc. § 1013, providing that the court may of its own motion or on the application of either party direct a trial of the issues of fact by a reference where the trial will require the examination of a long account, etc., and that in an action triable by the court without a jury a reference may be made "as prescribed in this section," etc., the words "as prescribed in this section" refer to where the trial will require the examination of a long account; and in actions in equity, as well as at law, there can be no compulsory reference, unless the trial involves such determination.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Reference, §§ 13–23.]

2. SAME.

   Where, in an action to compel defendant to restore plaintiff's right of way over certain property, destroyed by defendant in excavating for a building, and to recover damages caused plaintiff's building by the negligent manner in which the work was done, and for interference with the right of way, the answer put in issue the material allegations of the complaint, the issues involved arose on the pleadings, and could not be referred, under Code Civ. Proc. § 1013.

Appeal from Special Term.

Action by William J. Roome against Robert S. Smith.   From an interlocutory judgment requiring defendant to restore a certain right of way, and sending other questions raised by the pleadings to a referee to hear and determine, defendant appeals.   Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

Franklin Pierce, for appellant.

Robert J. Mahon, for respondent.

McLAUGHLIN, J.   The plaintiff at the time of the commencement of this action was the lessee of a parcel of land annexed to and adjoining a parcel owned by the defendant.   In connection with his lot plaintiff had a right of way 12 feet wide across the rear end of defendant's lot.   In excavating for the erection of a building on his lot, defendant destroyed this right of way, and this action was brought to compel him to restore the same, and also to recover damages alleged to have been caused to the building on plaintiff's lot by the negligent manner in which the work was done.   The answer put in issue the material allegations of the complaint.   After issue had been joined the cause came on for trial at Special Term, and the learned justice holding the term, after hearing the evidence relating to the right of way, made a decision upon which an interlocutory judgment was entered which required defendant to restore the right of way within a time specified and referred all the other questions to a referee to hear and determine. The matters sent to the referee to hear and determine were:

"(a) Was the defendant guilty of the negligent and unlawful acts as described in the complaint, and alleged as having been the cause of the destruction of the stable described in the complaint?   (b) Were those acts the proximate and sole cause of the injury to plaintiff's said stable?   (c) And if the defend-

ant was guilty of negligence and unlawful acts as alleged in the complaint, and they were the proximate cause of said condition of said stable as alleged, what damages, if any, did the plaintiff suffer therefrom? (d) And what damages, if any, did plaintiff suffer from defendant's interference with said right of way?"

The disposition thus made in sending the issues to the referee was against the objection and exception of defendant's counsel. Defendant has appealed from the interlocutory judgment, and assails its validity upon the ground that the court had no power to send to the referee the issues which he did. The sections of the Code authorizing compulsory references are section 1013 and section 1015. Section 1015 refers to incidental questions; that is, other than those raised by the pleadings. Section 1013, therefore, is the only section which need be considered. This section provides:

"The court may, of its own motion, or upon the application of either party, without the consent of the other, direct a trial of the issues of fact, by a referee, where the trial will require the examination of a long account, on either side, and will not require the decision of difficult questions of law. In an action, triable by the court, without a jury, a reference may be made, as prescribed in this section, to decide the whole issue, or any of the issues; or to report the referee's finding, upon one or more specific questions of fact, involved in the issue."

The words "as prescribed in this section" refer to where the trial will require the examination of a long account; and in actions in equity, as well as those at law, there can be no compulsory reference unless the trial involves such determination. Doyle v. Met. El. Ry. Co., 136 N. Y. 505, 32 N. E. 1008; Thayer v. McNaughton, 117 N. Y. 111, 22 N. E. 562; Standard Fashion Co. v. Siegel-Cooper Co., 44 App. Div. 121, 60 N. Y. Supp. 739; Russell Hardware, etc., Co. v. Utica Drop Forge Co., 112 App. Div. 703, 98 N. Y. Supp. 777; Bentz v. Carleton & Hovey Co., 114 App. Div. 865, 100 N. Y. Supp. 206. The negligence of the defendant and the alleged damage to plaintiff's building by reason thereof, as well as the damage for interference with the right of way, are clearly issues arising on the pleadings and could not be referred. Doyle v. Met. El. Ry. Co., supra; Standard Fashion Co. v. Siegel-Cooper Co., supra.

The judgment appealed from, therefore, must be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.