Killingstad v. Meigs, 147 Wis. 511.

---

KILLINGSTAD, Respondent, vs. MEIGS, Appellant.

*November 17—December 5, 1911.*

*Appeal: Exceptions taken too late: Leave to file: Presumption: Material errors: Compulsory reference: Equitable actions.*

1. Where exceptions which appear to have been taken too late are incorporated in a bill of exceptions and are found therein without explanation, it will be presumed that the court gave leave to file them under sec. 2832, Stats. (1898).

2. A compulsory reference cannot be ordered in an equitable action except as authorized by statute. *Gilbank v. Stephenson,* 31 Wis. 592, and *Commercial Bank v. McAuliffe,* 92 Wis. 242, overruled.

3. Sec. 2864, Stats. (1898), providing for reference of issues, applies to both legal and equitable actions coming within its provisions.

4. The unauthorized granting of a compulsory reference is a material error.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Reversed.*

*F. C. Weed,* for the appellant.

For the respondent the cause was submitted on the brief of *McElroy & Ferguson.*

BARNES, J. This action was brought to foreclose a claim for mechanic's lien. The complaint alleged, among other things, that plaintiff prepared and delivered plans and specifications for a building for which defendant agreed to pay $87.50. On the trial the complaint was amended so as to set up a cause of action on *quantum meruit,* and it was set forth that the plans and specifications furnished were of the reasonable value of $107.50. The answer alleged various defenses and contained a counterclaim for damages resulting from alleged insufficiency and incompleteness of the plans and specifications furnished and from failure to furnish details. The plaintiff moved for an order of reference, basing such motion upon the pleadings and upon an affidavit which recited that the answer set forth numerous setoffs and counterclaims, each of which involved questions of fact, and that the trial of the action would require a large amount of testimony to be taken. The court made an order of reference to hear, try, and determine, against the objection of defendant, and the latter duly excepted to such order. Thereafter the action was tried and the referee made his findings of fact and conclusions of law. Notice of the filing of such report was served on defendant's attorney on December 24, 1910. On February 24, 1911, the latter filed his exceptions to such findings and conclusions, apparently without leave of court and without procuring any order excusing his failure to file the exceptions within ten days after the notice of filing was served, as prescribed by sec. 2871, Stats. (1898). These exceptions are incorporated in and made part of the bill of exceptions.

The court confirmed the report of the referee and entered judgment in favor of the plaintiff and against the defendant, from which judgment this appeal is taken.

The decision of the case necessitates a consideration of two questions: (1) Are there any exceptions in the record which will permit the court to review the questions attempted to be raised? (2) Did the court err in ordering a compulsory reference?

The first question must be answered in the affirmative. The exception to the order of reference is preserved in the bill of exceptions, and this in itself would permit the court to review that order. The exceptions to the findings and conclusions of the referee are likewise available. The trial court could, under sec. 2832, Stats. (1898), excuse the default of the defendant and permit the exceptions to be filed after expiration of the time fixed by statute. *Smith v. Smith,* 19 Wis. 522. That case was decided when sec. 38 of ch. 125, R. S. 1858, was in force. The material part of this statute is embodied in sec. 2832 of our present statutes. Where exceptions that appear to have been taken too late are incorporated in a bill of exceptions and are found therein without explanation, it must be inferred that the court gave leave to file them. *Henrizi v. Kehr,* 90 Wis. 344, 63 N. W. 285; *Ottillie v. Wœchter,* 33 Wis. 252.

On the second question there is some conflict in the decided cases in this court. The amount in dispute in the instant case is trifling, but it is important that the question of practice involved should be set at rest. It is manifest from a reading of the pleadings, the evidence, and the affidavit filed in support of the motion to refer, that the trial and disposition of the case did not involve the examination of a long account, within the meaning of sec. 2864, Stats. (1898). Respondent concedes as much, and the concession was advisedly made, as will appear from an examination of the following cases: *Knips v. Stefan,* 50 Wis. 286, 6 N. W. 877; *Druse v.*

*Horter,* 57 Wis. 644, 16 N. W. 14; *Andrus v. Home Ins. Co.* 73 Wis. 642, 41 N. W. 956; *Brillion L. Co. v. Barnard,* 131 Wis. 284, 111 N. W. 483; *Untermyer v. Beinhauer,* 105 N. Y. 521, 11 N. E. 847.    Respondent contends, however, that an action to foreclose a mechanic's lien is declared to be equitable by sec. 3323, Stats. (1898), and that a court of equity has inherent power, independent of any statute, to order a compulsory reference in any equitable action.    It must be conceded that our decisions are not harmonious upon this question, and that the cases of *Gilbank v. Stephenson,* 31 Wis. 592, and *Commercial Bank v. McAuliffe,* 92 Wis. 242, 66 N. W. 110, support the position taken by respondent's counsel. Do those decisions correctly state the law ?

Sec. 5 of art. I of our constitution declares that "the right of trial by jury shall remain inviolate, and shall extend to all cases at law without regard to the amount in controversy." It was held that the compulsory reference statute was not obnoxious to this constitutional mandate, because its purpose was to preserve the right of trial by jury as it existed when the constitution was made, and inasmuch as there was then in force a territorial statute (Terr. Stats. 1839, p. 209, sec. 84) providing for the reference of cases involving the examination of a long account, it was not the intent of the constitution to place a ban on references in such cases.    *Stilwell v. Kellogg,* 14 Wis. 461; *Dane Co. v. Dunning,* 20 Wis. 210.    When the constitution was adopted, however, it was the common if not the universal practice of courts of chancery to refer pending causes to a master in chancery to take testimony.    It is quite apparent that this method of trying equity cases had proved to be unsatisfactory, as well it might, and that it was the deliberate purpose of the framers of the constitution to make a radical change in the existing practice. Accordingly, by sec. 19 of art. VII of the constitution, it was provided that "the testimony in causes in equity shall be

taken in like manner as in cases at law, and the office of master in chancery is hereby prohibited."

Construing this provision, in *Noonan v. Orton*, 5 Wis. 60, 61, the court said: "We have no doubt that each party to a suit in chancery is, under our constitution, entitled to have his witnesses examined in open court, subject, of course, to the occasional exceptions provided for in cases at law."

In *Brown v. Runals*, 14 Wis. 693, the same question was considered and discussed at length. There, as in the instant case, there was a compulsory reference ordered, not because the examination of a long account was involved, but because the issues in the case would necessitate the taking of a large amount of testimony. The court held that it was the intent and meaning of the constitutional provision quoted to give litigants in equity causes the same right to have their witnesses examined and their testimony taken in open court as litigants in actions at law had in this regard. The abuses which arose under the old system are discussed and the wisdom of the change is approved and commended, and it was held that the right guaranteed was a substantial and a valuable one, and the judgment was reversed because it was held that the court erred in making the order of reference.

Ch. 88 of the Laws of 1861 provided for the compulsory reference of certain classes of mortgage foreclosure suits. In *Oatman v. Bond*, 15 Wis. 22, this act was held to be in contravention of sec. 19, art. VII, of the constitution, and to deprive litigants of a right thereby guaranteed, and the court approved of what was said upon the subject in *Noonan v. Orton* and *Brown v. Runals, supra*.

In *Druse v. Horter*, 57 Wis. 644, 16 N. W. 14, the court went a step farther and held that it was not permissible to order a compulsory reference in any equity action. In so far as this decision held that a reference might not be ordered in an equity action involving the examination of a long account,

it was impliedly overruled in *Littlejohn v. Regents,* 71 Wis. 437, 37 N. W. 346, and *Jordan v. Estate of Warner,* 107 Wis. 539, 550, 83 N. W. 946, and was expressly overruled in *Winnebago Co. v. Dodge Co.* 125 Wis. 42, 46, 103 N. W. 255.

In *Klein v. Valerius,* 87 Wis. 54, 61, 57 N. W. 1112, the portions of the decision in *Oatman v. Bond* above referred to are considered and approved, and in *Winnebago Co. v. Dodge Co., supra,* it is expressly said that the right to refer an equitable action must be found in the statutes, if it exists. Such is the general rule elsewhere. *Thayer v. McNaughton,* 117 N. Y. 111; *Roome v. Smith,* 123 App. Div. 416, 107 N. Y. Supp. 1088; 34 Cyc. 778, and cases cited in note 28. There are cases to the contrary, however. Id. 779, and cases cited in note 30.

The constitutional provision quoted would seem to be plain and unambiguous. It was construed within a very few years after the constitution was adopted, and that construction has been followed in many subsequent cases, ending with *Winnebago Co. v. Dodge Co.* 125 Wis. 42, 103 N. W. 255, where the decision in *Brown v. Runals,* 14 Wis. 693, is expressly approved, and we do not think that there ever was any intentional departure from that construction. No reasons are given in *Gilbank v. Stephenson,* 31 Wis. 592, or in *Commercial Bank v. McAuliffe,* 92 Wis. 242, 66 N. W. 110, for the conclusions there reached, and the constitutional provision is not alluded to in any way. Had there been any deliberate intent to overrule the former decisions upon the question, they would have been discussed and the reasons stated which led the court to place a different interpretation upon the constitution.

Sec. 2864, Stats. (1898), applies to all actions whether in law or in equity. This has been uniformly held, as will appear from the decisions cited, except in the case of *Druse v. Horter, supra,* which has been overruled. There is little doubt that the construction adopted in the cases at variance

with *Druse v. Horter* is the correct one. Actions at law which involved the examination of a long account might be compulsorily referred ever since the constitution was adopted and for a long time before. Sec. 19 of art. VII, in providing that the testimony in equity cases should be taken "in like manner as in cases at law," clearly means that, where we have an equity action which involves the examination of a long account, the action may be referred and the testimony taken in the same way that it may be taken in a legal action involving the examination of such an account.

Nor can we regard the error complained of as immaterial. This court has uniformly held that it was reversible error to grant a compulsory reference where it was unauthorized. *Brown v. Runals, supra; Oatman v. Bond, supra; Knips v. Stefan,* 50 Wis. 286, 6 N. W. 877. We should be loath to say that the deprival of a party against his protest of a right guaranteed by our organic law could be so cavalierly disposed of. The cases of *Gilbank v. Stephenson* and *Commercial Bank v. McAuliffe,* in so far as they are in conflict with what is here decided, must be considered as overruled. It follows that the judgment of the circuit court must be reversed.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded for a new trial.