Sewing Machine Co. v. Redfield.

---

## SEWING MACHINE COMPANY v. JOHN S. REDFIELD.

PRACTICE; PLEADING; ISSUE; *Order, Granting Leave to Answer.* Plaintiff sued defendant before a justice of the peace on a bond, and filed a full statement of his cause of action in a bill of particulars, attaching thereto a copy of the bond. Defendant filed no pleading. After judgment, defendant appealed to the district court, and there, at one term, by consent an order was entered for defendant to answer in twenty days from the close of the term. At the next term, the time having elapsed, and no answer having been filed, the case was tried. Defendant offered evidence of payment, which was admitted over the objection of the plaintiff: *Held,* That the order for answer was mandatory and not per-

Sewing Machine Co. v. Redfield.

missive; that the defendant was in default, and that evidence of payment· was inadmissible under the pleadings, and that it was substantial error to admit such evidence.

### Error from Bourbon District Court.

ACTION brought by the *Grover & Baker Sewing Machine Co.* against *Redfield,* on a bond given by one O'Conner as principal, and *Redfield* as surety, for the faithful performance by O'Conner of his duties and obligations as agent of said *Sewing Machine Co.* The proceedings in the court below, and the error complained of, fully appear in the opinion. The district court, at the December Term 1875, gave judgment in favor of *Redfield,* and the plaintiff brings the case here.

*Eugene F. Ware,* for plaintiff.
*Hulett & McCleverty,* for defendant.

The opinion of the court was delivered by

BREWER, J.: The plaintiff sued the defendant before a justice of the peace, on a bond. The defendant appeared by himself and attorney, but introduced no testimony, and judgment was rendered, 22d July 1875, in favor of the plaintiff for $60 and costs. The defendant had not filed, and had not been required to file, any pleading in the justice's court. The defendant duly appealed on July 28th. At the September term of the district court, and on October 6th, the case was called and continued, and the following journal entry made:

Statement of the case.

(*Title.*) "By consent of parties, defendant to answer in twenty days from the rising of this term of court, and plaintiff five days to reply. This action is continued until next term."

The case was reached at the next term of court on December 24th. The defendant had filed no pleading whatever, and the twenty days had long expired. Upon the call of the case the parties announced themselves ready, and entered upon the trial, whereupon plaintiff moved for a judgment upon the

pleadings, as for a default. The defendant interposed a verbal plea of payment, and objected. The court sustained defendant's objection, and the plaintiff excepted. The plaintiff then offered in evidence the original bond sued on, and then rested. The defendant offered the evidence of two witnesses to prove payment, to which plaintiff objected, on the ground that the defendant had not answered in the case, and that there was no issue joined, and that the evidence offered by the defendant tended to establish no issue made by the defendant, or by the pleadings in the case. The court overruled the objection, and the plaintiff duly excepted. Finding and judgment in favor of defendant. Two motions for a new trial were also overruled and excepted to.

Was there error in the rulings of the court at the trial? We are inclined to think there was, and that the error was one of sufficient importance to compel a reversal. At the time of these proceedings, cases on appeal from a justice's court to the district court were to be tried upon the original papers, unless the latter court "in furtherance of justice allow amended pleadings to be made, or new pleadings to be filed." (Laws 1870, p. 184, § 7.) The court then had power to require an answer to be filed, for though the language of the statute is, "allow," yet we think this grants something more than mere authority to consent. But even if not, the order in this case was by consent of parties, and the court certainly had the power to enforce compliance with an order to the entry of which the parties had consented. It seems to us also, that it was the duty of the court to enforce the order, and that the plaintiff had a right to rely upon compliance, or take advantage of the default. We are aware that the matter of filing pleadings is largely within the discretion of the trial court, and that this court will not interfere unless that discretion appears to have been abused. In this case the court might at the time of trial have allowed an answer to be filed, although the twenty days named in the order had elapsed, though in such event the plaintiff would doubtless have been entitled to a continuance. It might too upon a proper show-

ing have set aside this consent-order for pleading, and left the case to be tried upon simply the original papers. But nothing of this kind occurred. No order was made before that; no application for an order. The trial commenced upon simply the bill of particulars, with defendant in default for want of answer. Even on the trial no leave was sought or given to file answer, nor was any motion made to set aside the order for pleading. In short, the court ruled as though no answer were necessary, and no order had ever been made to answer. This ruling was erroneous. There was no exercise of discretion as to filing pleadings, but a direct ruling upon the legal rights of parties under existing pleading and order. It is precisely the same as though a petition had been originally filed in the district court, and the defendant had failed to answer. It would then clearly be error for the court upon trial to permit defendant to prove payment; and it would be none the less error because of the power of the court to permit defendant to file an answer alleging payment.

For this error the judgment must be reversed, and the case remanded for a new trial.

All the Justices concurring.