GETTINGS, RESPONDENT, *v.* BUCHANAN, APPELLANT.

[Submitted February 26, 1896.  Decided March 9, 1896.]

AMENDMENT OF PLEADINGS—*Electing to plead anew—Default.*—Where a complaint to which an answer has been filed is amended and the defendant neglects or refuses to plead anew, his original answer will be regarded as a plea to the amended complaint; but where the defendant in such case elects to p.ead anew to the amended complaint and obtains time in which to do so, this is an abandonment of the original answer, and, upon his failure to plead within the time so granted, a default is proper.

SAME—*Effect of amendment.*—Upon the filing of an amended pleading the original pleading becomes *functus officio.* (*Newell* v. *Meyendorff*, 9 Mont. 254, cited.)

CLAIM AND DELIVERY—*Demand—Judgment.*—A judgment in replevin for $700 is not in excess of the demand in the complaint, where the value of the property is alleged to be $862 and judgment is demanded for the sum and also for $250.

*Appeal from Third Judicial District, Deer Lodge County.*

CLAIM AND DELIVERY.   Defendant's motion to vacate the judgment and default was denied by BRANTLEY, J.   Affirmed.

*W. II. Trippet, Ed Scharnikow* and *T. O' Leary*, for Appellant.

*George B. Winston* and *Rogers & Rogers*, for Respondent.

DE WITT, J.—The defendant appeals from a judgment entered against him by default, and also from an order of the district court refusing to open the default.   The first ground set up for opening the default was alleged inadvertence and excusable neglect.   This point was not urged with much force by the appellant, and we will state, without reviewing the facts, that it is our opinion that there was no abuse of discretion in this respect by the district court.

Another point which the appellant urges with much zeal is as follows :   A complaint and answer in the case being on file, the plaintiff, on the 2d of April, 1894, amended the complaint, and on that day served a copy of the same, as amended, upon defendant's attorneys.   Afterwards, on the 9th of April, proceedings took place, as set out in the record, as follows :

"That afterwards, on the 9th day of April, 1894, there took place in said action the following proceedings by said

court, as copied from the journal of said court, T. O'Leary, Esqr., of counsel for defendant, being present in open court, and participating in said proceedings, to wit [title of court and cause] : 'Defendant granted fifteen days from this day to plead to amended complaint herein.' "

Defendant did not plead to the amended complaint, and, after the fifteen days had expired, plaintiff took default, and entered judgment. Defendant moved to set aside the default, and be allowed to file an answer to the amended complaint. Appellant's contention now is that the answer to the original complaint was a sufficient answer to the amended complaint, and that its allegations formed an issue, and therefore he was not in default. On the point that the original answer should stand as against an amended complaint and prevent a default, he cites the following cases : *Stevens* v. *Thompson,* 5 Kan. 307–311; *Yates* v. *French,* 25 Wis. 661; *Power* v. *Ivie,* 7 Leigh 147; *Butler* v. *Thompson,* 2 Fla. 9–16; *Robinson* v. *Williamson,* 7 Bush 604; *Cohen* v. *Hamill,* 8 Kan. 621; *Knips* v. *Stefan,* 50 Wis. 286, 6 N. W. 877; *Kelly* v. *Bliss,* 54 Wis. 187, 11 N. W. 488; *Bank* v. *Fairbank,* 54 Ill. App. 296; *Bank* v. *Umrath,* 55 Mo. App. 43; *McAllister* v. *Ball,* 28 Ill. 210; *Machine Co.* v. *Reafield,* 18 Kan. 555. We have examined these cases, and find that in their facts they are divisible, perhaps, into three classes : (1) Where the parties went to trial on the old answer; (2) where the defendant elected to stand on the old answer, (3) where it did not appear that the defendant had elected to file a new answer.

It is to be observed, however, that in this case the defendant was not in the position set forth in either of the above classifications. On the contrary, he himself elected to file a new answer. As appears from the record, after a portion of the time had run in which he could answer, fifteen days were granted him in which to plead to the amended complaint, and he participated in this proceeding of the court. That he elected to file a new answer is further manifested by his motion to open the default, upon which motion he asked to be allowed to file an answer to the amended complaint, and not

to be allowed to stand upon his old answer. We are therefore of opinion that the facts in this case distinguish it from those relied upon by the appellant.

As good a case as we have seen discussing this question of practice, is *Yates* v. *French*, 25 Wis. 661, in which the court, by Dixon, C. J., says: "The single question is whether the defendants were required to answer *de novo* after amendment of the complaint, or were at liberty, if they saw fit, to let their answer to the original complaint stand as their answer to the amended one. The complaint was amended, as of course, under section 36 c. 125, Rev. St., after the answer was put in; but the matters in issue remained unchanged. Nothing new was set up by the amendment requiring a new or different answer from the one made to the original complaint. The amendment consisted only in changing the *ad damnum* clause. The amount of damages claimed was increased, but the cause of action was the same in both complaints, and the bill of particulars attached to each identical. The practice in the English courts is thus stated by Mr. Tidd: 'On amending the declaration in the King's bench after plea pleaded, the defendant is *at liberty* to plead *de novo*, if his case require it, and has two days allowed him for that purpose after the amendment made and payment of costs.    *    *    But in the common pleas we have seen the defendant is entitled in all cases, on amending the declaration, to a new four-day's rule to plead. And in that court, after an amendment of a declaration, the defendant is allowed to plead *de novo*—*that is, he may do so if he has occasion or thinks proper*,—but he is not obliged to vary his first defense.' (1 Tidd, Prac. 708.) And the practice in New York, prior to the enactment of the code, is very much the same, though it would seem from *Barstow* v. *Randall*, 5 Hill, 556, to have been somewhat unsettled. The practice in the English courts is correctly stated in the latter case to be to allow a plea *de novo* in all cases, at the election of the defendant; but the dictum of Judge Cowan, which immediately follows, that upon filing the amended declaration all subsequent pleadings are considered as in effect stricken out, is wholly

unsustained by Mr. Tidd, referred to by him. The right of the defendant to plead *de novo*, or not, at his election, implies, if he chooses not to do so, that his plea to the declaration before it is amended shall stand as his plea thereto after amendment as the above extracts from Mr. Tidd very clearly show the English practice to be. And the learned judge seems also to have mistaken the earlier decisions in his own state upon the subject. In *Saltus* v. *Bayard*, 12 Wend. 228, the English practice was precisely followed. The plaintiffs there were allowed to amend upon payment only of the costs of the motion, *unless the pleas were withdrawn, or a new defense became necessary in conseqence of the amendment, in which case the costs of the pleas* were also to be paid. This indicates very plainly that a new plea was not, in all cases, required, nor in any case, except as the defendant found it necessary or proper, by reason of new matter introduced by the amendment, which he wished to controvert or put in issue by his plea. He might, in any case, refuse to plead anew, and in that event his plea already filed was considered as a plea to the amended declaration. His neglect or refusal to plead anew within the time prescribed was an election on his part to have it so considered. On the other hand, his election to plead *de novo*, which was manifested by the filing and service of a new plea, was an abandonment of the former plea. The former plea or pleas were thenceforth regarded as, in effect, stricken out. They would be stricken from the case on motion. (*Brown* v. *Railroad Co.*, 18 N. Y. 495.''

If the defendant had followed the ruling in the Wisconsin case, he might have refused to plead anew. If he had done so, the Wisconsin case says that his plea already filed would be considered a plea to the amended complaint. But he did not refuse to plead anew. He elected to do so, and obtained time in which to file the plea. If he had simply stood by, and neglected or refused to plead anew within the time allowed by law, the Wisconsin case says that this would be an election on his part to have the old plea stand. But, as noted, he did not do that. He expressly and in open court elected to plead over.

A case in point is *Machine Co.* v. *Redfield*, 18 Kan. 555. That was an appeal from a justice's court to the district court. The law was that such appeals were to be tried on the original papers, unless the court allowed amended pleadings to be made, or new pleadings to be filed. The case coming up at the September term, the following journal entry was made :

["Title.] By consent of parties, defendant to answer in twenty days from the rising of this term of court, and plaintiff five days to reply. This action is continued until next term."

At the following term of court, in December, the defendant had filed no pleading, and the 20 days had expired. Plaintiff asked for judgment as upon a default. The defendant objected. The court sustained his objection. This ruling was predicated as error upon the appeal to the supreme court. Upon this Brewer, J., delivering the opinion of the court, said :

" Was there error in the rulings of the court at the trial? We are inclined to think there was, and that the error was of sufficient importance to compel a reversal. At the time of these proceedings, cases on appeal from a justice's court to the district court were to be tried upon the original papers, unless the latter court 'in furtherance of justice, allow amended pleadings to be made or new pleadings to be filed.' (Laws 1870, p. 184, §7.) The court then had power to require an answer to be filed, for, though the language of the statute is 'allow,' yet we think this grant shows something more than mere authority to consent. But, even if not, the order in this case was by consent of parties, and the court certainly had the power to enforce compliance with an order to the entry of which the parties had consented. It seems to us also that it was the duty of the court to enforce the order, and that the plaintiff had the right to rely upon compliance, or take advantage of the default."

By the filing of the amended complaint, the original complaint became *functus officio*. (*Newell* v. *Meyendorff*, 9 Mont. 254, 23 Pac. 333.)

We are of the opinion that the defendant in this case clearly elected to consider his original answer as also *functus officio*,

and that, by his conduct, a new answer became due, and that for want of the same, default was properly entered. (Code Civil Procedure 1887, §§ 87, 115.)

The appellant furthermore complains that the judgment in this case is for $700, and that the prayer of the complaint is for only $250 damages. But the value of the property taken by the defendant is alleged in the complaint to be $862.80, and judgment is demanded for that sum, and also $250. We do not think, therefore, that the judgment is in excess of the demand in the complaint. The judgment of the district court, and the order denying the motion to set aside the default, are affirmed.

*Affirmed.*

PEMBERTON, C. J., and HUNT, J., concur.