R. L. CROSBY, APPELLEE, V. GEORGE T. BASTEDO,
APPELLANT, ET AL.

FILED DECEMBER 8, 1898.   No. 8518.

1. **Conflicting Evidence: REVIEW.**   Conflicting evidence will not be
   weighed on appeal.

2. **Pleading: NEW MATTER IN ANSWER: REPLY.**   The averments of
   new matter contained in the amended answer were put in issue
   by the refiling of the reply to the original answer.

APPEAL from the district court of Boyd county.
Heard below before KINKAID, J.   *Affirmed.*

*A. S. Churchill* and *G. T. Bastedo,* for appellant.

*H. M. Uttley, contra.*

NORVAL, J.

In 1892 G. T. Bastedo was the county clerk of Boyd
county, and as such officer it was his duty to transcribe
from the records of Holt county all deeds, mortgages,
and other instruments, and judgments affecting any real
estate situate in Boyd county which had prior to its
organization been attached to the county of Holt.   Dur-
ing said year the plaintiff, R. L. Crosby, under and in pur-
suance of an agreement entered into with Bastedo, pro-
cured from the records of Holt county copies of all such
instruments and judgments, and recorded the same in
the proper records of Boyd county.   After the transcrib-
ing and recording was completed, plaintiff presented to
the county board a bill for his services, which was re-
jected on the advice of the county attorney, that the
claim could be properly allowed alone to Bastedo;
whereupon the latter made out and presented to the
county board in his own name, in pursuance with an un-
derstanding or agreement with Crosby, an account for
the sum of $825.29, that being the amount of compensa-
tion legally chargeable for such services, which claim

was audited and allowed. Warrants were drawn therefor in the name of Bastedo, one for $400 and the other for $425.29, which were delivered to him and he refused to surrender them to plaintiff. This suit was instituted by Crosby to have said warrants adjudicated his property, to require their delivery to him, and to enjoin Frank G. Russell, as county treasurer of Boyd county, from paying the same to any one other than to the plaintiff. A decree was entered as prayed, and the defendant Bastedo appeals.

It is admitted that Crosby was employed by Bastedo to transcribe certain of the records of Holt county, and that plaintiff performed the work as agreed. The real dispute between the parties is as to the amount of compensation it was agreed Crosby should have for his services, and there is a sharp conflict in the testimony adduced on this point. Plaintiff testified, and he is corroborated by more than one disinterested witness, that the contract was he was to receive as compensation for transcribing the records of Holt county the entire fees which the law allowed for such work; that the bill should be filed in the name of Bastedo as county clerk, and when allowed by the county board plaintiff was to receive the warrant or warrants drawn in payment of the claim. On the other hand, the testimony introduced by defendants tends to establish the averment in the answer that Crosby was to perform the services for one-half of the fees allowed by law for said work, which amounted to $412.64½. The rule is inflexible that this court will not undertake to weigh conflicting evidence, or disturb the finding based thereon. The district court specifically found the contract to be as alleged by the plaintiff, and a perusal of the bill of exceptions convinces us that such finding has abundant support in the evidence.

It is suggested the pleadings admitted the contract was that Crosby was to perform the work for one-half of the legal fees chargeable for such services, and there-

fore, under the pleadings, a decree should have been rendered against plaintiff. This argument is based upon the fact that no new reply was filed to the amended answer of Bastedo pleading the contract under which the latter claims the work was performed. The original reply was refiled subsequent to the filing of the amended answer, and put in issue the averment of new matter contained therein.

It is also insisted that the insolvency of Bastedo was neither alleged nor proven on the trial. His solvency or insolvency was of no importance in the case, since the suit, in its scope and effect, was to obtain a specific execution of the contract or agreement. The decree is

AFFIRMED.