# DELLA F. VAN WOERT v. NEW YORK LIFE INSURANCE COMPANY.

### (151 N. W. 29.)

**Default judgment — amended complaint and answer — affidavit of merits on motion — setting aside judgment.**

1. A default judgment rendered in a case at issue upon the amended complaint and the answer to the original complaint may be set aside without an affidavit of merits.

**Amended complaints — demurrer — statute — application — order of court — agreement.**

2. Section 7445, Comp. Laws, applies only to complaints amended after a demurrer thereto has been sustained, and has no application to an amendment made in the action by order of the court, or by agreement of the parties.

**Answer to original complaint — stands as answer — unless new answer made.**

3. An answer interposed to the original complaint will stand as an answer to the complaint as thereafter amended, unless defendant elects to answer anew.

Opinion filed January 25, 1915.

From an order of the District Court of Renville County, vacating a default judgment, *Leighton,* J., plaintiff appeals.

Affirmed.

*Grace & Bryans,* for appellant.

The policy of insurance in this case cannot be forfeited by reason of

the lapse of payment of premiums. It is conceded that the insurance company had in its hands a reserve amount of money due the plaintiff, more than sufficient to cancel the unpaid premium, and such reserve should have been applied to the payment of the premium when due, rather than that a forfeiture should have been declared. Haas v. Mutual L. Ins. Co. 84 Neb. 682, 26 L.R.A.(N.S.) 747, 121 N. W. 996, 19 Ann. Cas. 58; 25 Cyc. 843, 870.

Mere oral agreements by counsel are not sufficiently explicit to authorize the vacation of a default judgment. 23 Cyc. 920; Rule 28 at xxxiii of 29 N. D.; Rule 20 of the rules of the eighth judicial District.

No notice of application for or entry of judgment was necessary in this case. Rev. Codes 1905, § 6856, Comp. Laws 1913, § 7445; Naderhoff v. George Benz & Sons, 25 N. D. 165, 47 L.R.A.(N.S.) 853, 141 N. W. 501.

No sufficient affidavit of merits was served with the motion to set aside the judgment and permit defense. Getchell v. Great Northern R. Co. 24 N. D. 487, 140 N. W. 109; Racine-Sattley Mfg. Co. v. Pavlicek, 21 N. D. 222, 130 N. W. 228.

*H. S. Blood,* for respondent.

The amended complaint does not contain facts sufficient to state a cause of action. The policy of insurance is made a part of such complaint; one of its provisions is: "That *after three years,* the assured may *elect* as to *which of the benefits* provided by the policy shall be *claimed.*" This policy had *not* run *three years,* and hence the clause was not operative, and assured was in default in the payment of premiums. Knapp v. Homeopathic Mut. L. Ins. Co. 117 U. S. 411, 29 L. ed. 960, 6 Sup. Ct. Rep. 807; 25 Cyc. 850.

The acceptance of premium or assessment does not waive default unless such acceptance is *unconditional.* The policy contains a provision that, "the insured must be in *good health* when he pays a defaulted premium, and its acceptance is only upon the condition that insured is in good health." 25 Cyc. 871; Haas v. Mutual L. Ins. Co. 84 Neb. 682, 26 L.R.A.(N.S.) 747, 121 N. W. 996, 19 Ann. Cas. 58.

Where a complaint is amended, while the defendant has a right to amend his answer, he may stand upon his original answer. 1 Enc. Pl. & Pr. 628; Martinson v. Marzolf, 14 N. D. 301, 103 N. W. 937.

Judgment cannot be taken as by default, on an amended complaint, where an answer to the original complaint was made and served. 23 Cyc. 920, and cases there cited; Minnesota Thresher Mfg. Co. v. Holz, 10 N. D. 16, 84 N. W. 581; Slimmer v. State Bank, 122 Minn. 187, 142 N. W. 144; McLaughlin v. Breckenridge, 122 Minn. 156, 141 N. W. 1134, 142 N. W. 134.

CHRISTIANSON, J. This is an appeal from an order of the district court of Renville county, vacating a default judgment against the defendant. This action was commenced by service of summons and complaint upon the defendant on February 27, 1913. The action is based upon an insurance policy issued by the defendant in the sum of $2,-000. The defendant appeared in the action by its attorneys, Noble, Blood, & Adamson, and served an answer on March 22, 1913. The answer was verified by the secretary of the defendant. On April 4, 1913, the plaintiff served an amended complaint. A copy of the insurance policy involved was attached to and made a part of both the original and amended complaints. No substantial change was made in the plaintiff's complaint by the amendment, the cause of action as set forth in both complaints being based upon the same insurance policy. Thereafter, on May 6, 1913, the plaintiff's attorney made affidavit of default on the theory that defendant was in default for failure to answer the amended complaint, and obtained a default judgment against the defendant. It appears that the first knowledge of the entry of such judgment received by defendant's attorneys was on May 9, 1913, when they received a letter from the plaintiff's attorneys to the effect that the default judgment had been entered, whereupon the defendant's attorneys made application for a vacation of the judgment, and submitted in support of said motion all the files and pleadings in the case and the affidavit of H. S. Blood, one of the attorneys for the plaintiff. The affidavit of H. S. Blood is, in part, as follows: "That on the 4th day of April, 1913, the plaintiff herein served an amended complaint . . .; that said amended complaint was served personally upon the deponent by R. H. Grace of the firm of Grace & Bryans, attorneys for the plaintiff, and at the time of the said service it was stipulated and agreed between the deponent and the said R. H. Grace, that in case the deponent considered the answer to the original complaint a sufficient answer to

the amended complaint, then in that case he need not answer, and the answer to the original complaint should stand and be the answer to the amended complaint, and that if he deemed an answer to the amended complaint different from the answer to the original complaint necessary, then in that case he would serve an answer to the amended complaint, otherwise not." In the affidavit of Mr. Grace, the attorney for the plaintiff, submitted in opposition to said motion, the following statement is contained: "That he was in Minot on the 4th day of April, 1913, and presented an amended complaint in the above-entitled action to H. S. Blood, one of the attorneys for the defendant, who then admitted service thereof in writing indorsed on said amended complaint. That at the time of the admission of service of the amended complaint in said action, and while in the office of H. S. Blood at Minot, N. D., the affiant and the said H. S. Blood discussed to some extent the said above case and the contents of the amended complaint; that there were statements made either by H. S. Blood or this affiant or both, that the old answer or original answer might be sufficient to stand as the answer to the amended complaint, and in that case stipulation might be had permitting the original answer to stand as the answer to the amended complaint. . . ." After hearing the matter, the trial court made an order vacating the judgment, and directing that the answer to the original complaint be permitted to stand as the answer to the amended complaint. This appeal is from such order.

The principal contention of appellant is that the order is erroneous for the reason that no affidavit of merits was tendered in support of the application.

This contention cannot be sustained. In this case, an answer verified by one of the principal officers of the defendant, containing a full and explicit defense to the matters set forth not only in the original, but in the amended complaint, constituted part of the moving papers, and the application to set aside this judgment was not based upon the mistake, inadvertence, or excusable neglect of the defendant. And as we view the matter, the defendant was not in default, but the judgment was clearly improperly rendered, and the entry of the judgment under the facts existing in this case was not only grossly irregular, but a refusal to vacate the judgment would constitute a denial to the defendant of its substantial rights. In cases of that kind an affidavit of merit

is not required. "Thus a judgment by default, entered before the court has acquired jurisdiction in the case, may be set aside without an affidavit of merits. So, the rule does not apply where it was grossly irregular for the default to have been entered; or where the defendant complains of irregularity amounting to denial of his substantial rights; or where the judgment is alleged to have been procured by fraud." Black, Judgm. 2d ed. § 347; Foster v. Vehmeyer, 133 Cal. 459, 65 Pac. 974; Quan Quock Fong v. Lyons, 20 Cal. App. 668, 130 Pac. 33; Toy v. Haskell, 128 Cal. 558, 79 Am. St. Rep. 70, 61 Pac. 89; Naderhoff v. George Benz & Sons, 25 N. D. 165, 47 L.R.A.(N.S.) 853, 141 N. W. 501; Hertzberg v. Elvidge, 79 Misc. 109, 140 N. Y. Supp. 670.

It is insisted by appellant that defendant was in default by failing to answer the amended complaint within thirty days. It is apparent that appellant is under the impression that § 7445 of the Comp. Laws of 1913 makes it obligatory upon a defendant in every instance to answer an amended complaint. In this he is in error. This section applies only to cases wherein complaints are amended after demurrers to the same have been sustained, and has no application to complaints that are amended, pursuant to an order of the court upon an application for leave to amend, or by agreement of the parties. This is also the construction placed upon a similar section by the supreme court of South Dakota in the case of J. I. Case Threshing Mach. Co. v. Eichinger, 15 S. D. 530, 91 N. W. 82.

It clearly appears from the affidavits, not only of the defendant's attorney, but that of plaintiff's attorney as well, that the defendant intended to stand on its answer to the original complaint unless it served a new one, and the subsequent events clearly show that defendant's counsel elected to stand on the answer already served. This he had a perfect right to do. The cause still remained at issue upon the issues framed by the amended complaint and the answer to the original complaint. In the case of Martinson v. Marzolf, 14 N. D. 301, 308, 103 N. W. 937, this court, in considering the same question, says: "The defendants were not in default by failing to serve a new answer after the complaint was amended. The amendment was merely formal, and did not make any substantial change in the allegations of the facts which plaintiff claimed entitled him to relief. Those facts had already

been put in issue by the answer, and it was not necessary to repeat the denials of those facts, or renew the allegations of defensive matter by serving a new answer."

The supreme court of Wisconsin in the case of Yates v. French, 25 Wis. 661, 664, in considering the same proposition in a very exhaustive opinion, among other things, says: "A new plea was not, in all cases, required, nor in any case, except as the defendant found it necessary or proper by reason of new matter introduced by the amendment, which he wished to controvert or put in issue by his plea. He might, in any case, refuse to plead anew, and in that event his plea already filed was considered as a plea to the amended declaration. His neglect or refusal to plead anew within the time prescribed was an election on his part to have it so considered. On the other hand, his election to plead *de novo,* which was manifested by the filing and service of a new plea, was an abandonment of the former plea." We are entirely satisfied that the defendant was not in default by failing to serve a new answer to the amended complaint, but that the case still remained at issue upon the issues as framed by the amended complaint and the answer to the original complaint. And in this we are sustained by the overwhelming weight of authority. Ibid.; Crosby v. Bastedo, 57 Neb. 15, 77 N. W. 364; Pease v. Bartlett, 97 Ill. App. 492; Knips v. Stefan, 50 Wis. 286, 6 N. W. 877; Kelly v. Bliss, 54 Wis. 187, 11 N. W. 488; Byers v. Carll, 7 Tex. Civ. App. 423, 27 S. W. 190; Smith v. Halliday, — Ark. —, 13 S. W. 1093; Peacock v. Gleesen, 117 Iowa, 291, 90 N. W. 610; Schmidt v. Mitchell, 101 Ky. 570, 72 Am. St. Rep. 427, 41 S. W. 929; Gettings v. Buchanan, 17 Mont. 581, 44 Pac. 77; Brossard v. Morgan, 7 Idaho, 215, 61 Pac. 1031.

It will be observed that the order of the trial court, after ordering a vacation of the judgment, provides that the answer to the original complaint stand as the answer to the amended complaint. The order, therefore, merely corrected the error committed by the improper entry of the judgment, and placed the parties in the same position they were in before the judgment was entered. The plaintiff is in no position to complain. The order appealed from is clearly correct, and must be affirmed.