# A. B. HERRMANN v. STATE BANK OF ROLLA, a Corporation, et al.

## (158 N. W. 986.)

Appeal from an order refusing to vacate a default judgment.

**Mortgage — bank — complaint — lien — payment — trustee of funds — service of process — default — judgment — presumptions.**

1. The complaint alleged that one M. had executed to the defendant bank certain real estate mortgages with which defendants' lien upon said premises should be paid; that by reason of these facts the bank became the trustee of funds raised by said mortgage, and that the same should be applied in the payment of plaintiff's claim. The relief demanded was that the bank be required to pay over such trust funds to the plaintiff. No answer was made by the bank, although the cashier was personally served with the summons. *Held*, that all presumptions are in favor of the validity of said judgment, and that the same was not such a nullity as could be set aside as absolutely void.

**Evidence — laches — defendant's judgment — vacation of — application for.**

2. Evidence examined and *held* insufficient to excuse defendants' laches under an application to vacate said judgment pursuant to § 7483, Comp. Laws 1913.

Opinion filed March 6, 1916.

Appeal from the District Court of Rolette County, *Buttz,* Judge.
Affirmed.

*Cowan & Adamson* and *H. S. Blood,* for appellant.

"A contract made expressly for the benefit of a third person may be enforced by him at any time before the parties thereto rescind it." Comp. Laws 1913, § 5841; Parlin v. Hall, 2 N. D. 473, 52 N. W. 405; Chung Kee v. Davidson, 73 Cal. 522, 15 Pac. 100; Bray v. Booker, 6 N. D. 526, 72 N. W. 933.

"A voluntary trust arises out of a personal confidence reposed in and voluntarily accepted by one for the benefit of another." Comp. Laws 1913, § 5703; Perry Tr. 6th ed. § 21, and 1 Lewin, Tr. § 19; 3 Pom. Eq. Jur. 3d ed. § 981, p. 1835.

Where a trust is alleged to exist, it is the duty of the court to determine whether the evidence is sufficient to create such trust, and to render its judgment accordingly. Brown v. Spohr, 87 App. Div. 522, 84 N. Y. Supp. 995; Booth v. Oakland Bank of Savings, 122 Cal. 19, 54 Pac. 370; Weer v. Gand, 88 Ill. 490.

Where the complaint wholly fails to state a cause of action against a party and judgment is taken by default, the proper remedy for that party is to move to vacate it as to him. The doctrine of laches and estoppel has no place in this case. Freeman v. Wood, 14 N. D. 95, 103 N. W. 392; Beach v. Beach, 6 Dak. 371, 43 N. W. 701; Stahl v. Chicago, St. P. M. & O. R. Co. 94 Wis. 315, 68 N. W. 954; Mason v. Kansas City C. R. Co. 58 Kan. 817, 51 Pac. 284.

"Estoppel by laches consists of a neglect to do something which one should do, or to seek to enforce a right, at a proper time." Hunt v. Reilly, 23 R. I. 471, 50 Atl. 833.

*Flynn & Traynor,* for respondent.

The application and motion to vacate the judgment being an appeal to the favor of the court, the defendant cannot attack the sufficiency of

the pleadings or findings, or the judgment, on this motion. Oakes v. Ziemer, 62 Neb. 603, 87 N. W. 350.

If there was any infirmity in the judgment by reason of a defective complaint, the remedy of the defendant was by appeal from the judgment. Edwards v. Hellings, 103 Cal. 204, 37 Pac. 218; Cowie v. Strohmeyer, 150 Wis. 401, 136 N. W. 956, 137 N. W. 778.

Where there is great delay in moving to vacate a judgment or to take other proper steps, the most liberal rule of construction is applied, and every reasonable presumption in favor of the judgment should be indulged. Kubesh v. Hanson, 93 Minn. 259, 101 N. W. 73; Sweet v. Ward, 43 Kan. 695, 23 Pac. 941; Ex parte Bigelow, 113 U. S. 328, 28 L. ed. 1005, 5 Sup. Ct. Rep. 542; Selby v. Pueppka, 73 Neb. 179, 102 N. W. 263; Grannis v. Superior Ct. 146 Cal. 245, 106 Am. St. Rep. 23, 79 Pac. 891; Olson v. Mattison, 16 N. D. 231, 112 N. W. 994.

Errors of law cannot be corrected by motion to vacate, nor can a review of the case be had. A motion for a new trial or appeal is the proper remedy. State ex rel. McClory v. Donovan, 10 N. D. 203, 86 N. W. 709; Whitney v. Ritz, 24 N. D. 576, 140 N. W. 676; State ex rel. Noggle v. Crawford, 24 N. D. 8, 138 N. W. 2; Strecker v. Railson, 19 N. D. 677, 125 N. W. 560.

In the first instance, where a pleading is attacked for insufficiency, either by motion or by demurrer, the objections must be specific. When they come after judgment, this rule is much more rigid. 31 Cyc. 761; Chilson v. Bank of Fairmount, 9 N. D. 96, 81 N. W. 33; Schweinber v. Great Western Elevator Co. 9 N. D. 113, 81 N. W. 35; James River Nat. Bank v. Purchase, 9 N. D. 280, 83 N. W. 7; Pine Tree Lumber Co. v. Fargo, 12 N. D. 384, 96 N. W. 357.

The defendant is estopped by its own laches, and failure to pursue the proper remedy at the proper time. In this case defendant should have timely proceeded by motion for a new trial, to correct any error which it deemed to exist. Freeman v. Wood, 14 N. D. 95, 103 N. W. 392; Cline v. Duffy, 20 N. D. 525, 129 N. W. 75; Racine-Sattley Mfg. Co. v. Pavlicek, 21 N. D. 226, 130 N. W. 228; Martinson v. Marzolf, 14 N. D. 301, 103 N. W. 937; Keeney v. Fargo, 14 N. D. 419, 105 N. W. 92; Minnesota Thresher Mfg. Co. v. Holz, 10 N. D. 16, 84 N. W. 581.

Great delay after knowledge of the judgment will bar defendant from

the right to vacate. McClymond v. Noble, 84 Minn. 329, 87 Am. St. Rep. 354, 87 N. W. 838; 3 mo. 2 days; Council Improv. Co. v. Draper, 16 Idaho, 541, 102 Pac. 7; 2 mo. 9 days; De Laittre v. Chase, 112 Minn. 508, 128 N. W. 670; 7 mo.; McMurran v. Meek, 47 Minn. 245, 49 N. W. 983; 2 mo.; St. Paul Land Co. v. Dayton, 39 Minn. 315, 40 N. W. 66; nearly 5 mo.; Seibert v. Minneapolis & St. L. R. Co. 58 Minn. 72, 59 N. W. 828; 6 mo.; Coast Land Co. v. Oregon Colonization Co. 44 Or. 483, 75 Pac. 884; 4 mo.; Smith v. Pelton Water Wheel Co. 151 Cal. 394, 90 Pac. 934; 4 mo.; California Casket Co. v. McGinn, 10 Cal. App. 5, 100 Pac. 1077, 1079; 6 mo.; 23 Cyc. 909; Wheeler & W. Mfg. Co. v. Monahan, 63 Wis. 194, 23 N. W. 109; 27 Cyc. 857.

"A contract made expressly for the benefit of a third person may be enforced by him at any time before the parties thereto rescind the same." McArthur v. Dryden, 6 N. D. 443, 71 N. W. 125; Code of 1899, § 3840, Comp. Laws, 1913, § 5841; Smith v. Pfluger, 126 Wis. 253, 2 L.R.A.(N.S.) 783, 110 Am. St. Rep. 911, 105 N. W. 476.

"The person whose confidence creates a trust is called the truster; the person in whom the confidence is reposed is called the trustee, and the person for whose benefit the trust is created is called the beneficiary." Comp. Laws 1913, § 6274.

This trust or relationship may be taken advantage of at any time prior to its rescission. Comp. Laws 1913, § 6296.

Courts will not assume that a bank has disobeyed the law, or that its officers have committed a crime. *Ultra vires* is always a matter of defense, and one desiring to take advantage of it must plead it. 10 Cyc. 1155; Iowa Business Men's Bldg. & L. Asso. v. Berlau, 125 Iowa, 22, 98 N. W. 766; Arizona L. Ins. Co. v. Lindell, 15 Ariz. 471; 140 Pac. 60; Citizens' State Bank v. Pence, 59 Neb. 579, 81 N. W. 623; Belch v. Big Store Co. 46 Wash. 1, 89 Pac. 174.

"A judgment will not be opened or vacated because founded on an illegal or fraudulent consideration, if the party knew of this objection and might have set it up in defense of the action." 2 Purdy's Beach, Priv. Corp. § 912; 23 Cyc. 928.

BURKE, J. This is an appeal from an order refusing to vacate a default judgment. The facts as they appear to us are as follows: The Murrays, husband and wife, were the owners of the farm in Rolette

county. The land was encumbered as follows: $3,500, first mortgage, payable to one Maher; second mortgage, controlled by O'Laughlin, $398; a judgment for $495, owned by the plaintiff, Herrmann; a mortgage to one Gilhully, the son of Mrs. Murray, and one or two other liens subsequent to those enumerated. In September, 1912, the second mortgage for $319 was foreclosed, and the holder thereof attempted to take up the first mortgage and add it to his claim, thus selling the land for the sum due upon both mortgages of $4,093. Herrmann, this plaintiff, applied to the court for permission to redeem from the second mortgage only, and joined in this action the defendant State Bank of Rolla, as will be hereinafter mentioned. Obtaining the relief asked, he redeemed from the second mortgage, paying about the sum of $653. Gilhully thereupon redeemed from him. Herrmann was still entitled to redeem on his judgment, but in the meantime other complications had arisen which he claims influenced him to allow the redemption period to expire without action upon his part. Those circumstances are as follows: A few days after the foreclosure the Murrays went to the First State Bank of Rolla and executed to it their notes for $6,300 secured by mortgages upon the land. It was their understanding that this loan was to take up all of the outstanding encumbrances and become a first mortgage upon the premises. There was some hitch, however, in the proceedings, and plaintiff did not receive the sum due him upon his judgment, although other encumbrances were paid by the bank. As already intimated, plaintiff, when he brought his action to be allowed to redeem, joined the defendant bank and asked that they be required to pay over to him the amount due upon his judgment upon the theory that they held the same in trust for him,—the allegations of his complaint, outside of the formal parts, being that "on the 25th day of September, 1912, the defendants Murrays made, executed, and delivered to the defendant State Bank of Rolla two certain mortgages on said premises, one for $5,000 . . . and one for $1,300. . . . That the two mortgages mentioned in the last paragraph were given to the state bank for the purpose of obtaining funds with which to pay the amount claimed by said defendant O'Laughlin on said foreclosure, and other liens then of record against the said premises. . . . That by reason of the delivery of the mortgages described in paragraph number six of this complaint, the said defendant State Bank of Rolla became

the trustee of the funds raised by said mortgage; to wit, $6,300 to be applied to the payment of the encumbrances against the said premises, including the claim of the plaintiff; and the said State Bank of Rolla is still the trustee thereof, and the same should be applied in the payment of the plaintiff's said judgment. Wherefore, plaintiff prays judgment as follows: . . . and the defendant State Bank of Rolla be declared to be the trustee of the sum of $6,300 and interest from September 25, 1912, . . . and that judgment be entered requiring the defendant State Bank of Rolla to pay same out of said trust fund." This complaint was served personally upon the cashier of the bank on the 19th day of September, 1913. The bank, however, made no answer thereto, and judgment was entered against it by default on the 28th of October, 1913, declaring the money to be trust fund belonging to the Murrays and by them directed to be paid in liquidation of plaintiff's claim. Judgment was entered directing the bank to pay part of the same to Herrmann. On the 8th of December, plaintiff went personally to the bank and talked with the cashier about the matter, fully apprising him of the entry of the judgment. On the 9th of December, the following day, an attorney, William Bateson, also interviewed the cashier of the bank and asked the cashier what the bank was going to do about it. The cashier informed him that he did not believe the bank would do anything about it. Plaintiff's attorney also wrote several letters to the bank, the first letter being on September 2, 1913, before the entry of judgment. In reply to this letter the bank wrote that as soon as their attorney returned from the city he would take up the matter and advise them. It is claimed that this same attorney later advised plaintiff that the bank had no defense, but this may have been a misunderstanding. On September 9, 1913, plaintiff's attorney talked to the cashier over the long distance telephone about the matter, wherein the cashier stated that he would first have to see Mr. Murray, before paying said lien. Other letters and conversations took place between the bank and the persons representing plaintiff, the last being on the 1st of September, 1914, when the cashier stated that the bank would pay the judgment if given time, and suggested that plaintiff take a 5 per cent certificate of deposit in place of cash. Plaintiff says that in reliance upon his judgment against the bank and its subsequent conduct with respect thereto, he allowed the time of redemption to expire. On

the 28th of July, 1914, application was made to vacate the said judgment against the bank on the ground that there was no service made of the summons and complaint upon the said bank, and other enumerated grounds. There was no affidavit of merits accompanying this application. The matter was brought on for hearing on the 20th of August, 1914, and was denied by the court. No appeal was taken from this order. But on the 15th day of September, 1914, a new application was made by other attorneys to vacate and set aside the judgment on the ground of surprise and upon the ground that the complaint was insufficient to support the findings of fact and judgment of the trial court. This motion was accompanied by an affidavit of merits and a proposed answer stating in effect that upon investigation the bank found that the encumbrance against the Murrays' land amounted to $7,000 and that it therefore had refused to pay plaintiff and other beneficiaries of the agreement, until an additional amount of money was raised to clear title and allow their $6,300 mortgage to become a first lien. After hearing, at which affidavits covering the facts above mentioned and others were filed, the trial court declined to vacate the judgment and this appeal follows. The briefs of the two parties are somewhat at cross purposes. Appellant states his position as follows: "The only matter we need consider at all is if the giving of the two mortgages by the Murrays on the land, to the bank, subsequent to the plaintiff's judgment lien, to raise funds to pay for the encumbrance, gave Herrmann a right to a judgment against the bank. Before the plaintiff has such right, it must be shown either that the giving of the mortgages was done by the plaintiff for the express benefit of the defendant, or that such act constituted the bank a trustee of the consideration of the mortgages for the plaintiff's benefit. The complaint wholly fails to show that the bank made any promise to or contract with the Murrays for the express benefit of the plaintiffs." They further state: "Where the complaint wholly fails to state a cause of action against a party, a judgment is taken by default; the proper remedy with that party is to move to vacate as to him. . . . Hence the doctrine of estoppel and laches has no place in this case and no application to the facts." In other words, the defendant does not strenuously deny its laches, but insists that the judgment should be vacated as a nullity, because the complaint fails to state

a cause of action. Respondent's brief on the contrary is devoted large-
ly to the question of laches.

(1) The first question for decision is whether the judgment rendered
was void because the complaint failed to state a cause of action. If we
answer this in the affirmative, the judgment should have been vacated.
Van Woert v. New York L. Ins. Co. 30 N. D. 27, 151 N. W. 29 ; Black,
Judgm. 2d ed. § 347. If the judgment is not a nullity, then the ap-
plication to vacate the same comes under § 7483, Comp. Laws 1913,
and defendant must excuse his laches as well as show a meritorious de-
fense. Black on Judgments, 2d ed. § 313, says: "But if the party
actually knows that a judgment has been rendered against him and the
judgment is not simply and merely void, it is the undoubted rule that
he must exercise reasonable diligence in procuring its vacation, and
that his unexcused laches or delay, unduly protracted, will preclude
him from obtaining the relief sought." We have already set forth ex-
tracts from the complaint showing the basis of the claim made against
the bank. Section 5841, Comp. Laws 1913, states: "Beneficiary may
enforce.—A contract made expressly for the benefit of a third person
may be enforced by him at any time before the parties thereto rescind
it." Section 6274, Comp. Laws 1913, reads: "The person whose con-
fidence creates a trust is called the truster; the person in whom the
confidence is reposed is called the trustee; and the person for whose
benefit the trust is created is called the beneficiary." The complaint
stated that the mortgages were given to the bank for the purpose of
obtaining funds with which to pay plaintiff's lien and other claims. This
was certainly enough to apprise the bank of the nature of the demand.
The prayer for relief also apprised the bank that if an answer were not
made application would be made to the court for judgment that the
bank be required to pay plaintiff's claim out of the funds in the hands
of the bank. The only objection to the complaint urged by appellants
was that the complaint failed to show that the *bank had made any prom-
ise,* and that the transaction was between the Murrays and the bank;
and that if the bank failed to pay the Murrays, they alone could com-
plain. And furthermore that the complaint failed to state a cause of
action because it was not affirmatively shown that the $6,300 loan was
one that the bank might lawfully make. It is hardly necessary to state
that, in considering the complaint from this remote angle, all the pre-

sumptions will be in favor of its validity. Those questions were. not raised by demurrer nor even by answer, and judgment was allowed to go by default, and the judgment recites that the same were made upon due proof produced at the hearing. There is no question that the trial court had full jurisdiction of the subject-matter of the action. The rule is stated by Cyc. as follows: "A judgment will not be set aside on account of defect or insufficiency in the pleadings, especially where the alleged fault was amendable." 23 Cyc. 929.

In the case before us we have no means of knowing what evidence was produced. The presumption is that it was sufficient to sustain the findings of the trial court. We are clear that the judgment was not such a nullity as would justify the district court in setting it aside as void.

(2) The next question, then, is whether defendant has presented a meritorious defense and has excused his laches. We will not devote much time to this. The facts already stated show negligence wholly uncx- cused. Plaintiff might easily have been misled to his prejudice, and the discretion of the trial court in this matter will certainly not be disturbed. This court has so often and so fully gone into this question that we need but refer to the authorities. Racine-Sattley Mfg. Co. v. Pav- licek, 21 N. D. 222, 130 N. W. 228, collects the cases up to that time. The cases since decided do not change the rules announced. Judgment of the trial court is in all things affirmed.