[File No. 6422.]

PROVIDENT LIFE INSURANCE COMPANY OF BISMARCK, NORTH DAKOTA, a Corporation, Respondent, v. MINOT BAKERY, INC., a Corporation, et al.

MINOT BAKERY, INC., a Corporation, Appellant.

(268 N. W. 476.)

Opinion filed July 15, 1936.

G. W. Twiford, for appellant.

Geo. A. McGee, for respondent.

CHRISTIANSON, J. This is an appeal by the defendant, Minot Bakery, Inc., from a default judgment rendered against it in the above entitled action. The action was brought by the plaintiff to foreclose a real estate mortgage securing the payment of a certain promissory note executed and delivered to the plaintiff by the defendant, Minot Bakery, Inc. The action was commenced on August 16, 1935, and the summons and complaint therein were served personally on the defendant, Minot Bakery, Inc., on August 17, 1935. In its complaint the plaintiff asked personal judgment against the defendant Minot Bakery, Inc., for the amount due on the promissory note and for a foreclosure of the real estate mortgage and a sale of the property described therein to satisfy the judgment. On September 13, 1935, the defendant, Minot Bakery, Inc., interposed a general demurrer to the complaint. The issues raised by the demurrer were duly noticed to be heard on Septem-

ber 26, 1935. Thereafter, upon application of the plaintiff, the trial court issued an order to show cause by directing the defendant, Minot Bakery, Inc., to show cause why an order should not be made authorizing the plaintiff to amend its complaint and fixing the time within which the defendants might answer said amended complaint. There was attached to and served with the order to show cause a copy of the proposed amended complaint. Thereafter the trial court made an order sustaining the demurrer to the complaint. At the time and place set for the hearing of the order to show cause the trial court made an order granting plaintiff permission to amend its complaint and directed that the amended complaint served with the order to show cause should stand as the complaint in said action and that the defendant, Minot Bakery, Inc., be "given five days" thereafter in which to answer said amended complaint. The defendant, Minot Bakery, Inc., failed to answer and thereafter the plaintiff, pursuant to notice as required by law, applied for judgment by default. No appearance was made by the defendant, but the plaintiff adduced its proof and the trial court made findings and conclusions in favor of the plaintiff and directed judgment and decree to be entered in favor of the plaintiff and against the defendants. Judgment was entered accordingly and the defendant, Minot Bakery, Inc., has appealed from such judgment.

The sole question presented on this appeal is whether the trial court erred in allowing the defendant, Minot Bakery, Inc., only five days in which to answer the amended complaint. Appellant contends that under the provisions of § 7445, Comp. Laws 1913 it was entitled to a period of thirty days in which to answer the amended complaint and that it was error for the trial court to limit the time in which to answer the amended complaint to five days.

Section 7445, Comp. Laws 1913 reads as follows:

"If the complaint is amended, a copy thereof must be served on the defendant, who must answer it within thirty days, or the plaintiff upon filing with the clerk due proof of the service and of the defendant's omission may proceed to obtain judgment as provided by section 7600, but when an application to the court for judgment is necessary, ten days' notice thereof must be given to the defendant."

This section is a part of the article in the Code of Civil Procedure relating to demurrer. It applies to cases wherein a complaint is

amended after a demurrer to the same has been sustained; but it has no application to amendments made during the trial, "or pursuant to an order of the court upon an application for leave to amend, or by agreement of the parties." J. I. Case Threshing Mach. Co. v. Eichinger, 15 S. D. 530, 91 N. W. 82; Van Woert v. New York L. Ins. Co. 30 N. D. 27, 151 N. W. 29, Ann. Cas. 1918A, 203.

But, in our opinion § 7445, supra, does not mean that even where a demurrer to a complaint is sustained and leave granted to serve an amended complaint, the defendant in every case as a matter of right is entitled to thirty days in which to answer such amended complaint or that he must make answer within thirty days. As we construe it, § 7445, supra, merely fixes the time within which a defendant must answer an amended complaint where an amended complaint is served after a demurrer to the original complaint has been sustained and when the trial court fixes no different time for answer. In other words, where a demurrer to a complaint is sustained and permission is granted to the plaintiff to serve an amended complaint and the trial court gives no direction as regards the time within which answer must be made then the defendant has thirty days in which to answer the complaint. But when the question whether an amended complaint shall be served is submitted to and determined by the trial court then the trial court has power to determine and fix the time within which the defendant shall answer the amended complaint. In short, in such case the question as to when the defendant must answer is one within the discretion of the trial court. If it appears to the trial court that, in all the circumstances, the defendant should answer in less than thirty days the court may fix a time of less than thirty days. If on the other hand it appears to the trial court that the circumstances of the case require that the defendant have a longer period than thirty days in which to answer the amended complaint then the trial court may fix such period.

Appellant asserts that if the trial court may require a defendant to answer an amended complaint within less than thirty days after the service of such complaint then a defendant actually may be deprived of the thirty days' period which § 7422, Comp. Laws 1913 gives for making answer. It is argued that if the trial court possesses such power it will be possible for a plaintiff to institute an action and serve the summons and complaint therein upon the defendant and immedi-

ately thereafter ask for leave to amend the complaint, and for the court to require the defendant to answer the complaint say within five days and thus in effect deprive the defendant of the statutory thirty day period in which to answer. The case assumed by the appellant is quite different from that presented here. It is one thing for a trial court to entertain an application for amendment of a complaint before the time for answer has expired and before the defendant has answered or demurred and quite another to entertain an application for amendment of a complaint after issue has been joined by answer or demurrer. It goes without saying that the plaintiff may not, under the guise of obtaining an amendment to the complaint, deprive a defendant of the period prescribed by § 7422, supra, in which to appear and answer or demur. But when a defendant answers or demurs, the issues thus raised may of course be noticed for hearing or trial without regard to whether thirty days has or has not elapsed since the service of the complaint. When an issue has been joined the trial court has power to dispose of that issue upon proper motion. If it becomes necessary it may order an amendment of the complaint either upon the hearing of the demurrer or upon an application for leave to amend the complaint. And if the court determines that a plaintiff be allowed to amend the complaint it has power to make provision for all matters incident to such amendment including the fixing of the time in which the amended complaint must be served and the time within which the defendant must answer the complaint.

Our laws vest the trial courts with wide discretionary powers as regards the allowance of amendments to pleadings. Comp. Laws 1913, §§ 7478–7485. In case of variance between a complaint and the proofs the trial court may order an immediate amendment without cost, where the variance is not material. Comp. Laws 1913, § 7479. The court may, before or after judgment, in furtherance of justice and on such terms as may be proper, amend any pleadings by adding or striking out the name of any party or by correcting a mistake in the name of any party or a mistake in any other respect or by inserting other allegations material to the case, or when the amendment does not substantially change the claim by conforming the pleadings or the proceeding to the facts proven. Section 7482, Comp. Laws 1913. The only difference between the original complaint and the amended com-

plaint in this case is that there was inserted in the amended complaint an allegation to the effect that no action or proceeding at law or otherwise has been instituted for the recovery of the debt secured by the mortgage or any part thereof. This allegation, while essential as a basis for a decree of foreclosure, is nevertheless more or less of a formality. It is seldom that any substantial issue is raised thereon. The absence of such allegation will affect the action only insofar as it seeks the foreclosure of a mortgage. In the very nature of things it does not affect the action insofar as it concerns a personal judgment for the indebtedness. As a matter of fact the complaint in this case was not subject to a general demurrer. It stated a cause of action for a personal judgment upon the promissory note.

In this case the plaintiff pursuant to notice to the defendant applied to the trial court for leave to amend its complaint. The notice of the application specifically informed the defendant that the plaintiff would ask not only for leave to amend the complaint but that it would ask the trial court to fix the time within which the defendant must answer such complaint. The trial court, after hearing, made an order allowing the complaint to be amended and in such order fixed the time within which the defendant must answer the complaint. The defendant failed to answer. After the defendant was in default for failure to answer, plaintiff gave due notice of application for judgment by default and notified the defendant of the time when and place where the plaintiff would adduce proof in support of the allegations in its complaint. The defendant made no appearance at such hearing.

There is nothing in the record on this appeal to indicate that the time allowed the defendant in this case in which to answer the amended complaint was not adequate. In fact there is nothing in the record to indicate that the defendant has any defense whatsoever in this action. The defendant failed to appear on the hearing of the application for leave to amend the complaint and to fix the time within which the defendant must answer such complaint. The defendant also failed to appear on the hearing of the application for default judgment. There was no request for additional time in which to answer. There was no application to vacate the default judgment. On the record presented on this appeal no reason is shown for interfering with the judgment

that has been entered. Accordingly it is ordered that the judgment appealed from be affirmed. But in order to safeguard every possible right of the defendant it is ordered that the defendant within ten days after the return of the remittitur be permitted to serve and file an application for a vacation of the judgment. Such application to be accompanied by a verified answer and by an affidavit of merits.

BURKE, Ch. J., and MORRIS, NUESSLE and BURR, JJ., concur.